Booth, Judge,
delivered the opinion of the court:
Plaintiff’s case depends upon the following facts: April 11, 1921, plaintiff was appointed by the Hon. Claude Kitchin, minority leader and chairman of the conference minority of the House of Representatives, as clerk of the conference minority, salary $2,500 per annum, and bonus of $240 per annum. On April 12, 1921, he took the oath of office and entered upon the performance of its duties. Plaintiff received the salary and bonus attached to the office from April 12, 1921, up to and including May 31, 1923. On June 1, 1923, William Tyler Page, Clerk of the House of Representatives, appointed Charles H. England to the position of clerk to the conference minority. Since that time, notwithstanding repeated protests and assertions of title to the office by him, the plaintiff has not received any compensation whatever which he alleges is due and unpaid. The claim is for $1,385.22, salary alleged to be due from May 31, 1923, to December 3, 1923. On May 24, 1926, Charles H. England was permitted to and did file an intervening petition, under which claim is made'for the salary of the same office from July 1, 1923, to December 3, 1923, amounting in all to the sum of $1,157.22. Plaintiff’s contention, as well as that of the intervenor, is predicated upon -a section of the annual branch appropriation act, approved May 29, 1920, 41 Stat. 636, providing in terms as follows:
“ Conference minority: Clerk, $2,500; assistant clerk, $1,500; janitor, $1,000; in all, $5,000; the same to be ap-_ pointed by the chairman of the conference minority.”
Under this section of the appropriation act the plaintiff asserts that he was duly appointed by the minority leader in Congress, who in turn derived his position and power to appoint from the Democratic Members of Congress in caucus assembled, and that no authority whatsoever Tesided in the Clerk of the House to either revoke his appointment or appoint another.
There is no doubt, of course, that the plaintiff was on the date he alleges duly appointed to the office he claims by the *95 minority leader, nor that he served until superseded by England’s selection. Plaintiff’s insistence is that when the Congress expired by law on March 4, 1923, the minority leader as such became functus- oficio, and hence England’s appointment was not lawful, and the Clerk of the House was without authority in any event to make the selection. The vital question deducible from the facts stated is one of jurisdiction. Who is recognized by the minority party in Congress as minority leader is a matter of voluntary selection by those who constitute the minority. Obviously it is solely and peculiarly a political question with which the courts have nothing to do. True the political organization as thus established seeks assistants in the conduct of its affairs, and Congress by appropriating certain sums makes available to the organization the sums so appropriated to pay said assistants; but by so doing statutory offices of the Government are not created with fixed salaries, and the incumbent selected by the minority leader does not in any sense become an official of the United States. The sum of $2,500 is made available to the minority organization to pay a clerk. Nevertheless, the leader, if he so chooses, might engage an assistant of this character for a less sum without imposing upon the United States a monetary liability to pay the sum stated in the appropriation act. The plaintiff’s misconception of his rights follows his treatment of the appropriation act as one creating an office and filing an annual salary therefor. Such is not the case. The legislation simply makes available for expenditure the sums stated, and the leader of the minority is designated as the one authorized to make the expenditure up to the amount of the sums available for the purpose. Clearly the clerk to the minority leader is simply an assistant to a voluntary political organization, responsible alone to the organization, and subject to be displaced as the judgment of the leader dictates. Whether the leader of the minority became functus officio during a recess of Congress or subsequent to the expiration of a Congress is a matter for the minority organization to determine, not this court.
We need not indulge citation of authorities to sustain a proposition that no right to recover the salary of an office *96 prevails until the office is created, the salary fixed, appointment proved, and duties are performed. Aside from all that has been said, it is indisputably certain that where a matter is solely one governed and controlled by the rules of the House of Representatives, this court is without jurisdiction to interpret or construe them. Even so, it would bring about a most unusual situation to sustain a proposition that one selected as a clerk to the minority would be entitled to recover a judgment for an alleged fixed salary for a period of time during which the clerk himself asserts there existed no minority and no minority leader. Whether the clerk so selected continues in office during this time is one foreign to our jurisdiction under section 145 of the Judicial Code. The plaintiff’s petition and the intervening petition will be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; and Campbell, Chief Justice, concur.