Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff sues to recover wages, expenses and extra compensation for services which, he claims he rendered as “Investigator Officer of the United States Un-American Activities Committee.” He alleges that he was orally employed by an attorney who was sent to Havana, Cuba, on April 29, 1946; that the attorney was sent to Cuba by the Acting Chairman and the Committee; that he served in all kinds of investigations in Cuba and since May 1, 1947, in Washington. He alleges that the wages and expenses are interstate in character and fall within the purview of the Interstate Commerce Act.* He cites particularly section 3 of the Interstate Commerce Act. He claims to have mailed numerous reports from points in Cuba. He claims the word “leak” was never used by the Chairman of the Committee until he made a certain report. He also makes references to the F. B. I., a district attorney, spy rings, dope peddlers, investigators and others, the purport of which are not quite clear from the *45 allegations. Apparently these were supposed to be covered by the reports. He sues also under the Federal Tort Claims Act.
Defendant demurs on the following grounds:
1. The petition does not allege employment by an authorized agent.
2. The rules of the court are not complied with in the allegation of the authority under which suit is brought; and the terms of the alleged contract are not set out.
3. The petition does not allege a cause of action.
4. The petition shows plaintiff to be guilty of laches in asserting his claim.
This court has no original jurisdiction under the Tort Claims Act. Under the terms of that act exclusive trial jurisdiction is lodged in the District Courts.
On the other phase the petition does not comply with Rules 11 and 12 governing practice in this court in that the substance and terms of the alleged contract are not set out. Rule 10 (b) of this court is not complied with, and while we are not disposed to be technical about such compliance, the facts claimed are not set out in such a manner as to show a definite contract.
By an amendment to the Rules of the House of Representatives, adopted January 3, 1945, the Committee on Un-American Activities was made a standing committee of the House. By the terms of the resolution adopted January 29, 1945, they were allowed a specified staff to serve the committee.
Then on March 7,1945, the House adopted House Resolution No. 168, which provided for the employment of experts and clerical and other assistants, and which reads as follows:
Resolved, That effective from March 1, 1945, the expenses of conducting the studies and investigation authorized by House Resolution 5, adopted January 3,1945, amending the Rules of the House of Representatives for the Seventy-ninth Congress, incurred by the standing Committee on Un-American Activities, acting as a whole or by subcommittee, not to exceed $50,000, including expenditures for the employment of experts, and clerical, stenographic, and other assistants shall be paid out of the contingent fund of the House on vouchers authorized *46 by such committee, signed by the chairman thereof, and approved by the Committee on Accounts.
It will be noted that the funds were made available from the contingent funds of the House, the special authority for employing such experts and other assistants was limited to the expenditure of not exceeding $50,000, and these were to be paid on vouchers signed by the Chairman and approved by the Committee on Accounts. The functions of the latter committee were later taken over in the Reorganization by the Committee on House Administration.
' The public records show that the universal practice of the House has been for the Chairmen of the Committees of the House to send to the disbursing officer an official designation of the employee, who is to be paid by voucher.
The plaintiff, it seems to us, fails to make allegations that would bring him within the terms of the resolution or the regular, established procedure.
In the case of Price v. United States, 65 C. Cls. 91, certiorari denied 277 U. S. 587, the plaintiff had been appointed by the Minority leader as Clerk of Conference Minority at a specified salary. He served from April 21, 1921, until May 31, 1923. On June 1, 1923, the Clerk of the House appointed another man to the position. Plaintiff claimed the salary for the period subsequent to June 1, 1923, on the ground that the position was to be filled by the Minority leader and that the Clerk of the House had no authority to revoke the appointment. In passing on this question the court said:
We need not indulge citation of authorities to sustain a proposition that no right to recover the salary of an office prevails until the office is created, the salary fixed, appointment approved and duties are performed.
The limits of the committee’s powers of employment, the method prescribed, the terms of the authorizing resolution, and the practices adopted by the House of Representatives are factors affecting the right of recovery. The allegations of plaintiff’s petition do not state a cause of action.
The defendant’s motion is granted and the plaintiff’s petition dismissed.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.

49 U. S. C. 3.