Earl R. BORTIN
v.
The UNITED STATES.
No. 196-53.

United States Court of Claims.
Jan. 31, 1956.

Earl R. Bortin, pro se. Edward H. Meldman, Milwaukee, Wis., on the briefs.

Edward L. Metzler, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is similar to the case of Kelly v. United States, Ct.Cl., 138 F. Supp. 244, but wholly different in this essential respect: In the Kelly case there was an evident attempt by Kelly's superiors, through devious means, to deprive him of the rights to which he was entitled under the Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., which was successful; whereas in the case at bar Bortin has been deprived of no right. Kelly asked for something to which he was entitled; Bortin asked for something to which he was not entitled.

Plaintiff sues for $1,732.31, the difference in salary received by him since May 31, 1952, as an adjudicator in the Veterans' Administration, and the salary to which he alleges he is entitled as an assistant adjudication officer.

Plaintiff's claim has been prosecuted through all levels in the Veterans' Administration and the Civil Service Commission, and, after careful consideration by these agencies, his complaint has been held to be without merit and he has been notified in writing of the reasons for their adverse decisions. A full trial of the facts has been held before a Commissioner of this court, who has made an extended report of the facts.

We see no merit in plaintiff's claim, and agree with the reasons assigned by

the Civil Service Commission for disallowing it. It requires little further discussion.

The facts have been stated in detail in the Commissioner's report, which we have substantially adopted as the court's findings of fact. A condensed statement of the facts will suffice for this opinion.

On March 15, 1948 plaintiff and two others were detailed as assistant adjudication officers of the regional office of the Veterans' Administration in Milwaukee, Wisconsin. On June 12, 1949, the number of assistant adjudication officers was reduced from three to two. At the request of his superior, but of his own free will, plaintiff agreed to relinquish his office as assistant adjudication officer and to accept a position of equal grade as rating specialist, thus reducing the number of assistant adjudication officers from three to two.

On April 28, 1952 plaintiff was notified that the number of rating specialists was to be reduced and that he would be separated from the service unless he was willing to accept the position of adjudicator, which was lower in grade and pay, but which was the only position open for which plaintiff was deemed qualified. Plaintiff accepted this lower position under protest, and appealed to the seventh regional office of the Civil Service Commission. He complained, chiefly, that, instead of his being reduced in rank, he should have been given one of the positions of assistant adjudication officer (which was of the same grade), and one of the men holding these positions should have been separated; in other words, to use Civil Service parlance, he should have been permitted to "bump" one of these two men.

After a hearing, the director of the regional office wrote plaintiff that none of the grounds of his appeal had merit. With respect to his principal ground, stated above, he said that the positions of rating specialist and assistant adjudication officer were not on the same competitive level, and that, therefore, he had no right to "bump" one of these men.

The gist of the director's ruling, which was lengthy, is contained in the following:

"  *   *   * While it is true that both may have the same examination and experience requirements, and while it may also be true that incumbents of one position were occasionally detailed and reassigned to the other position and vice versa, nevertheless, the actual duties performed in each position are not alike. It is understandable that many of the incumbents of each position thoroughly understand the duties and techniques of the other, but the individual duties and responsibilities of each position are not sufficiently alike to consider them interchangeable for reduction in force purposes.   *   *   *"

Plaintiff appealed to the Board of Appeals and Review. This board affirmed the action of the regional office. In his letter to plaintiff the Chairman of the Board said, in part:

"Comparison of the actual duties and responsibilities performed by a Rating Specialist (Legal), GS–12 and an Assistant Adjudication Officer, GS–12, discloses that they are not sufficiently similar to warrant placing them in one competitive level for reduction in force purposes. Consequently, the fact the agency placed them in separate competitive levels did not constitute any violation of your rights under the Retention Preference Regulations."

He also discussed plaintiff's other contentions and found them to be without merit.

Later, one of the assistant adjudication officers was promoted to adjudication officer, and a man by the name of Ballman, who held a position as an adjudicator, grade GS–9, which position plaintiff also held, was promoted to assistant adjudication officer. Plaintiff, claiming he should have been promoted to this position, instead of Ballman, appealed to the regional office of the Civil

Service Commission. His appeal was denied. In his letter to plaintiff the regional director said, in part:

"Promotion is the prerogative of an agency so long as the employee promoted meets the requirements for the position to which promoted. Therefore, with respect to the promotion of Mr. Ballman, no Civil Service regulations appear to have been violated."

The Board of Appeals and Review of the Civil Service Commission affirmed on appeal.

■ We think the administrative agencies ruled correctly on plaintiff's contentions, and assigned the correct reasons for their rulings. When it became necessary to reduce the number of rating specialists, and, in consequence, to separate plaintiff from the service, or to give him a subordinate position, plaintiff was not entitled to displace one of the assistant adjudication officers, because rating specialists and assistant adjudication officers were not on the same competitive level, although of the same rank and drawing the same salary. This is só, because their duties and responsibilities were not the same. A rating specialist sat on a rating board composed of three men, which decided the rating to which veterans seeking compensation were entitled. An assistant adjudication officer had supervision over a substantial number of employees, including the members of the rating boards. Different talents were required for the two jobs. One might be a good rating specialist, and a poor assistant adjudication officer, or *vice versa*. The Veterans' Administration was, therefore, justified in putting them in different competitive classifications, and plaintiff, a displaced rating specialist, was not entitled to displace an assistant adjudication officer with less retention points than he.

■ Nor did plaintiff have any right to complain because, later on, an adjudicator other than he was promoted to assistant adjudication officer. It is still true, fortunately, that "promotion is the prerogative of an agency so long as the employee promoted meets the requirements for the position to which promoted." It would be quite detrimental to the public service if an agency head had no discretion in selecting men to do important jobs. He is already circumscribed more than a little in his control over his subordinates. Further restraint upon him would be unwise.

We have considered plaintiff's other contentions, but we are of opinion that none of his rights have been violated. His petition is dismissed.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.