Alice **HYMAN**
v.
The **UNITED STATES.**
No. 284–55.

United States Court of Claims.
June 5, 1957.

Mitchell J. Cooper, Washington, D. C., Eugene Gressman, Washington, D. C., on the briefs, for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was George Cochran Doub, Asst. Atty., for defendant.

LITTLETON, Judge.

Plaintiff sues to recover back salary from March 19, 1954 to September 27, 1954, on the ground that during the period in question she was illegally deprived of a position with the Public Housing Administration and that upon her reinstatement to such position she became entitled to the compensation of the position retroactively to March 19, 1954, under 5 U.S.C.A. § 652(b) (3), 62 Stat. 354 (Act of June 10, 1948).

The statutory provision relied on by plaintiff provides, in part, as follows:

"Any person removed or suspended without pay in a reduction in force who, after an appeal to proper authority, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the 'position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. * *."

The facts are not in dispute. Plaintiff, a classified Civil Service employee of the Public Housing Administration, was properly separated from her grade GS–7 position on November 30, 1953, as a result of a reduction in force. Pursuant to Civil Service Commission regulations, 5 CFR 20.7(a) (1949 ed.), her name was placed on the agency reemployment priority list. In March, 1954, plaintiff applied to the Public Housing Administration for appointment to a vacancy, grade GS–9, for which she believed herself qualified. The agency determined that plaintiff was not qualified for the position she sought and, on March 19, 1954, appointed another individual to fill the position. Upon learning that the position had been filled, plaintiff protested such action to the Director of Personnel of the employing agency and was advised that she might appeal to the Civil Service Commission. On August 16, 1954, plaintiff appealed to the Appeals Examining Office of the Civil Service Commission pursuant to section 20.7(d) of the regulations of the Commission. Upon denial of her appeal, plaintiff appealed further to the Civil Service Commissioners. On February 7, 1955, the chairman of the Board of Appeals and Review, on behalf of the Commissioners, reversed the decision of the Appeals Examining Office and recommended that plaintiff's "appointment be effected, retroactive to March 19, 1954, to the position of Rental and Occupancy Assistant, GS–9, or to another position of like grade and salary for which she is qualified."

In the meantime, on September 27, 1954, while plaintiff's appeal was still pending before the Civil Service Appeals Examining Office, plaintiff was employed by the Public Housing Administration in a position carrying grade GS–9. Following the final decision by the Civil Service Commission on her appeal, on February 7, 1955, plaintiff's appointment to the position which she then held was made effective retroactively to March 19, 1954, and the employing agency asked the Comptroller General whether plaintiff was entitled to be paid back salary for the period from March 19, 1954 to September 27, 1954. On May 2, 1955, the Comptroller General decided and advised the Housing Administration that plaintiff was not entitled to such back salary. 34 Comp.Gen. 559.

Plaintiff's claim for salary under the provisions of 5 U.S.C.A. § 652(b) (3) is based on a novel theory. Plaintiff concedes that her removal in November 1953, through a reduction in force, was neither unjustified nor unwarranted, but she contends that the refusal of the Public Housing Administration, in March

1954, to appoint plaintiff to the GS-9 position for which she was ultimately held to be qualified amounted to an "unjustified or unwarranted" suspension giving rise to a right in plaintiff for compensation for the period during which she was deprived of the position in question. Plaintiff urges that her situation is sufficiently similar to that of Leo A. Roth, 34 Comp.Gen. 303, to require application of the ruling issued by the Comptroller General in that case. Defendant urges that the facts in plaintiff's case are sufficiently unlike those in the Roth case to require the different result which was reached by the Comptroller General.

In the Roth case, relied on by plaintiff, Roth had transferred from a position in the Department of Justice to a position in the Office of Price Stabilization, with reemployment rights in the Department of Justice. In the spring of 1953, Roth was notified by OPS that he was about to be reached in a reduction in force. Roth applied for reemployment in the Department of Justice and was refused. Following his separation in an admittedly valid reduction in force by OPS, Roth appealed to the Civil Service Commission which held that the Department of Justice should have recognized Roth's reemployment rights, and the Commission ordered him reinstated. The Comptroller General ruled that Roth was entitled to his salary from the Department of Justice from the time his annual leave with OPS expired, April 30, 1953, to date of his reinstatement in the Department of Justice on June 21, 1953, on the theory that his actual separation from Government service was due not to the reduction in force at OPS, but to the refusal by the Department of Justice to recognize his reemployment rights in that department as required by Civil Service regulations.

In its inquiry regarding this plaintiff's right to back pay, the Housing Administration called the attention of the Comptroller General to his decision in the Roth case and asked whether, under the holding in that case, plaintiff was not also entitled to back pay. In an opinion reported at 34 Comp.Gen. 599, the Comptroller General held that although both Roth and this plaintiff were involved in valid reductions in force, Roth's separation from the service was not caused by such reduction in force whereas the separation of plaintiff was so caused, and that the later refusal of the Housing Administration to reappoint the plaintiff to a job for which the Civil Service Commission ultimately found her qualified, resulted only in a loss of the *opportunity for appointment* in the Federal Service and not in an unwarranted or unjustified *removal* or *suspension* from such service.

We believe that the Comptroller General was right in his ruling in this case. The basis for the ruling may be found in the applicable Civil Service regulations. The regulations governing *reemployment rights* are different from those governing *reemployment priority*. Section 8.201 of the Civil Service regulations provides, in part, as follows:

> "*Any permanent employee granted reemployment rights* under this subpart *shall be entitled to be reemployed* with the status of a permanent employee, within thirty days of his application, *by the original agency* in which he was granted reemployment rights. * * *" [Italics supplied.]

Section 8.206 provides, in part:

> "(a) An employee shall be entitled to reemployment by the original agency in which he was granted reemployment rights when he is:
>
> "(1) Involuntarily separated without cause such as would reflect on his suitability for reemployment; * * *."

Section 8.207 provides in part:

> "(a) Any permanent employee transferred or appointed with reemployment rights * * * who has been denied reemployment may appeal to the Commission, and final decision of his right to reemploy-

ment shall be made by the Commission."

Civil Service regulations relating to *reemployment priority* rights are found in Part 20 of the regulations covering reductions in force.[1] Section 20.7 (Federal Personnel Manual, Z1–289) provides in part as follows:

"(a) *Reemployment priority list.* Each agency shall establish and maintain a reemployment priority list for each commuting area from which career employees (and career-conditional employees, who have completed probation) have been separated in reductions in force, from competitive service positions on the basis of notices as provided in section 20.6. Each of these employees shall have his name entered on the reemployment priority list for all competitive service positions in the commuting area for which he is qualified and is available, and continued on such list for a period of 1 year from the date of such notice. His name may be deleted from such list upon his signed written request, upon his acceptance of a nontemporary position in any Federal agency, or if he declines reemployment to a position in the competitive service equivalent in grade and salary to the position from which separated by reduction in force.

"(b) *Restriction in filling positions.* No position in the competitive service, for which there is a qualified person available on the reemployment priority list, may be filled by the transfer of an employee of a different agency, or by the new appointment of any person except a qualified 10-point preference eligible. Furthermore, no such position may be filled by the reemployment of a person who is not on the reemploy-

ment priority list, unless such person is a preference eligible. These restrictions shall not apply if all qualified persons on the reemployment priority list decline, or fail to respond to, offers of reemployment to the position. In selections for reemployment from such priority lists, qualified preference eligibles shall have preference. An exception to these provisions may be made only when necessary to obtain an employee for necessary duties which cannot be taken over without undue interruption to the activity, by any person on the reemployment priority list, or with greater preference on such list. In such cases, each person adversely affected by the exception must be notified of the reasons, and of his right to appeal to the Civil Service Commission for a review of such reasons.

"(c) *Reemployments.* Any person listed, or entitled to be listed, on a reemployment priority list may be reemployed in the competitive service under this section within his period of reemployment priority, and when so reemployed shall have the same tenure as if he had been transferred from his last career appointment.

"(d) *Appeals.* Any former employee who feels that there has been a violation of his reemployment priority benefits under the foregoing provisions may appeal to the Civil Service Commission by presenting factual information that he was improperly denied reemployment as the result of the employment of another person."

From the above excerpts from the Civil Service regulations it appears that an employee with reemployment rights in a Federal agency who has been in-

---

1. Section 12 of the Veterans' Preference Act of June 27, 1944, 58 Stat. 387, 390, 5 U.S.C.A. § 861, provides in part as follows:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * ".

voluntarily separated in a reduction in force is entitled to be reemployed within thirty days of his application for such reemployment by the original agency in which he was granted reemployment rights. If such reemployment is denied the employee, he may appeal to the Civil Service Commission whose decision on his right to such reemployment will be final. Reemployment rights as provided for in Part 8 of the Civil Service regulations are quite different from the reemployment *priority* rights provided for in Part 20. The latter merely gives the separated employee the right to have his name entered upon a reemployment priority list for a period of one or two years and requires the employing agencies of the Government to fill vacancies in the competitive service from such lists unless certain specified conditions exist. A Government employee who has "reemployment rights" remains a Government employee despite the wrongful refusal of the agency to reemploy him. A Government employee with reemployment *priority rights* is merely a "former" Government employee who has certain preference or priority rights which he may assert *when a position becomes vacant for which he qualifies*. The employee with reemployment rights does not need to wait for a vacancy in the agency in which he has reemployment rights, since his rights require the agency to reemploy him even if doing so requires the removal of another employee. See § 8.201, Federal Personnel Manual Z1–239, January 29, 1954.

The failure of the Justice Department to recognize the reemployment rights of Roth resulted in his separation from the Federal service. This was contrary to law. The failure of the Housing Administration to recognize this plaintiff's reemployment priority rights resulted in her not receiving an appointment in the Federal service from which she had formerly been properly separated in a reduction in force. Because of his reemployment rights, Roth had a job in the Department of Justice. Because of her reemployment *priority* rights, plaintiff merely had a right to priority in securing a job in the Housing Administration. The refusal of the Housing Administration to recognize plaintiff's eligibility[2] for appointment to the vacancy which the Commission ultimately held her qualified to fill did not, in our opinion, amount to a removal of plaintiff from Federal employment and we know of no authority on which might be based a decision that she is entitled to be paid for a job to which she was not appointed and from which she was not, of necessity, removed.

Plaintiff's motion for summary judgment is overruled and her petition is dismissed. Defendant's motion for summary judgment is granted.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.

2. Compare Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140.