**Shirley ZAVERL**

v.

**UNITED STATES.**

**No. 18–15.**

United States Court of Claims.

Dec. 4, 1957.

Joseph Robbie, Minneapolis, Minn., for plaintiff.

Francis P. Borden, Jr., Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

MADDEN, Judge.

This is a suit to recover back salary in the amount of $4,716.00 plus interest thereon which plaintiff alleges is due and owing to her because of her improper suspension or furlough without pay within the meaning of the Lloyd-La Follette Act, as amended by the Act of June 10, 1948, 62 Stat. 354, 5 U.S.C.A. § 652, and the Veterans' Preference Act, 5 U.S.C.A. § 863.[1]

---

I. 5 U.S.C.A. § 652(a)

"No person in the classified civil service of the United States shall be removed or suspended without pay therefrom, except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision of such answer. * * *

\* \* \* \* \*

"(b) (1) Any person removed or suspended without pay under subsection (a)

Defendant moved for summary judgment dismissing plaintiff's petition on the ground that plaintiff failed to state a cause of action, because she did not allege any facts constituting an improper suspension or furlough without pay. Mrs. Zaverl, plaintiff herein, takes the position that the facts alleged by her constitute an improper suspension or furlough without pay within the meaning of those sections quoted above, that the proper procedures to effectuate her suspension or furlough were not followed, and that she was restored to duty on the ground that her suspension or furlough was unwarranted or unjustified thereby entitling her to compensation for the period of her suspension or furlough.

The facts alleged by plaintiff and admitted by defendant for the purposes of this motion are as follows: Plaintiff is a veterans' preference eligible employee who has completed a trial or probationary period of Federal service. On September 27, 1952, she received an indefinite appointment in lieu of reinstatement as an indefinite substitute clerk qualified as a stenographer. She worked at the Duluth, Minnesota, Post Office from that date until January 23, 1953 at which time she was placed on the "available" or "subject to call" list. She was recalled to work December 7, 1953 and worked until December 23, 1953, and was not recalled to work again until April 26, 1954. Plaintiff was not called to work during the periods of January 24, 1953 to December 6, 1953 and December 24, 1953 to April 25, 1954. During these periods when plaintiff was in this "lay-off status" and was not called to work, thirteen postal clerks with less seniority and with fewer qualifications than plaintiff were employed at the Post Office. Plaintiff was advised that she could not do any work except stenographic work and that no stenographic work was available. Plaintiff received no written notice of suspension or furlough without pay. On January 20, 1953, she received a written notice from the Assistant Postmaster at Duluth stating:

who, after filing a written answer to the charges as provided under such subsection or after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. A decision with respect to any appeal to proper authority under this paragraph shall be made at the earliest practicable date.

"(2) Any person who is discharged, suspended, or furloughed without pay, under section 863 of this title, who, after answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period."

5 U.S.C.A. § 863

"No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the Civil Service, or in any establishment, agency, bureau, administration, project, or department, hereinbefore referred to shall be discharged, suspended for more than 30 days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action * * *"

"No schedule of work for the period Jan. 26 to Feb. 28 inclusive unless extended sick or annual leave of one of the stenos".

The only explanation that plaintiff received for the failure to call her to work was that there was no stenographic work available. In a letter dated April 15, 1954, N. R. Abrams, Assistant Postmaster General, informed the Postmaster at Duluth that Mrs. Zaverl's duties did not have to be confined to stenographic work, and that she was entitled to any available work which she was capable of performing, consistent with her seniority. Following the receipt of this letter, plaintiff was recalled to work on April 26, 1954.

■ The sections of the Lloyd-La Follette Act and the Veterans' Preference Act quoted above provide for removal or suspension only for cause and after compliance with certain procedural requirements and grant compensation for periods of improper removal or suspension upon restoration on the ground that such removal or suspension was unjustified or unwarranted. It is not argued that this plaintiff is not entitled to the benefits of those sections and this is not a case like Nadelhaft v. United States, 131 F.Supp. 930, 132 Ct.Cl. 316, where the employee was held by the court to be not covered by the Lloyd-La Follette Act. The only issue raised by the parties to this suit is whether or not the facts alleged by plaintiff constitute an improper suspension or furlough without pay within the meaning of the Lloyd-La Follette Act and the Veterans' Preference Act. Those statutes create a substantive right to receive compensation under certain circumstances for periods when no services were performed, but three conditions must be met before an employee can receive those benefits. There must be a removal or suspension without pay, an answer to the charges or appeal to the proper authority, and a reinstatement or restoration on the ground that such removal or suspension was unjustified or unwarranted.

The question before this court is what constitutes an improper suspension or furlough without pay. These terms are not defined in the statutes, and no case has arisen which involves a situation analogous to the facts of this case. The term "suspension" has been judicially construed by this court and by the Comptroller General. In Hyman v. United States, Ct.Cl. 157 F.Supp. 164, this court held that the refusal to appoint the plaintiff to a position for which she was ultimately held to be qualified did not constitute an unjustified or unwarranted suspension giving rise to a right for compensation under the Lloyd-La Follette Act. The Hyman case involved reemployment priority rights and is distinguishable from Leo A. Roth, 34 Comp. Gen. 303 which involved reemployment rights. In the Hyman case, the plaintiff was no longer a government employee, whereas Roth, because of his reemployment rights, was still a government employee and the agency's refusal to reemploy him was held to be tantamount to a removal or suspension without pay.

The instant case is analogous to the Roth case, because Mrs. Zaverl was still a government employee at the time of the Post Office's erroneous refusal to call her to work, and the violation of the seniority rights given to her by the Post Office's own regulations, like the violation of Roth's reemployment rights is tantamount to a "suspension" or "furlough without pay".

Post Office Regulation 164 (Postal Manual, U. S. Post Office Department, October 18, 1954, Chapter II, Article 164) provides in pertinent part as follows:

"The Department recognizes seniority in the matter of assignment wherever the senior employee is qualified for the position to be filled. The senior employee should not be passed over and a junior one selected unless there is ample reason to believed that the senior one is not qualified for the position to be filled. It is not a question of selecting the

**164**

most efficient employee but of selecting the senior employee who meets the requirements. * * *"

The Government argues that the only Postal Regulation affecting classified substitute employees is Regulation 172 which provides for tours of duty of no less than two hours following the hour the substitute employee is ordered to report. While Regulation 164 does not specifically mention substitute employees, neither does it specifically exclude them. Seniority in assignment of substitute employees should be followed. The Post Office itself admitted that the Postmaster at Duluth had erred in not permitting Mrs. Zaverl to perform the available typing and clerical work and admitted that she was entitled to any work for which she was qualified, consistent with her seniority. She was not given work for which she was qualified, and others with less seniority and fewer qualifications were given work. This failure to call plaintiff to work is substantially equivalent to a suspension or furlough without pay.

This is not a case of a failure to employ as the basis of a claim against the United States. In the instant case, plaintiff is an employee on the rolls of the Post Office and when her seniority rights under the agency's administrative regulations were violated with the result that she was not called to work, she was suspended or furloughed without pay.

The facts alleged by plaintiff state a claim upon which relief can be granted, and the defendant's motion for summary judgment dismissing the petition for failure to state a cause of action is denied.

It is so ordered

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.