Military fay; correction of military records; claims for active duty fay and disability retirement fay; remand to administrative board. — On June 1, 1973 the court issued the following order:
“This case comes before the court on plaintiff’s motion, filed December 5, 1972, and defendant’s cross-motion, filed January 26, 1973, for summary judgment, having been submitted and considered on the briefs of the parties and oral argument of counsel. Plaintiff, a retired Major in the Army Reserves, -has amended 'his petition to claim active duty pay as a Major or in higher commissioned rank from June 1948 to his retirement date, June 1, 1966, and retirement pay on disability retirement thereafter. It is considered the claim includes a claim for longevity retirement pay after the retirement date.
“Plaintiff in May 1946, while on active duty as a Major, was diagnosed to be suffering from herniated nucleus pulp-osus, an intervertebral cartilege disorder and disabling. It was determined in February 1947 that the prior diagnosis was in error, and plaintiff was restored to full duty. He has subsequently been examined repeatedly and repeatedly determined to be fully qualified physically for active duty. The record reflects a concession by the Surgeon General in 1965 that the herniated nucleus pulposus diagnosis was and always had been erroneous, and that this should have been apparent from the medical record. This communication says the same physical standards apply for retention and for recall to active duty, for officers and for enlisted men.
*1082 “In May 1948, plaintiff sought and received release from active duty in order to take a civilian position. In June 1948, he requested extended active duty in the grade of Captain, which request was refused in September 1948 on the alleged ground that 'he was ‘physically disqualified for active military service as an officer 'by reason of a history of herniated intervertebral disc’. Meanwhile, plaintiff enlisted in the Regular Army at the grade of Master Sergeant on July 13,1948.
“Thereafter, several physical examinations incident to plaintiff’s re-enlistments found him physically qualified, as did one conducted in 1961 by a physical evaluation board in connection with a retirement application. Nevertheless, in connection with plaintiff’s repeated requests for duty in his Reserve rank of Major, or other commissioned rank, the Army persisted in the position that plaintiff was physically disqualified for such duty, by reason of his medical history. The defendant has offered this court nothing to rebut the obvious inference that the desk responsible for passing on plaintiff’s requests for active duty as a commissioned officer was inexcusably careless in consulting plaintiff’s medical record to plaintiff’s great and irreparable injury.
“Plaintiff completed his service as a Sergeant Major and was retired for longevity on January 1, 1966.
“The case has been repeatedly before the Army Board for Correction of Military Records which has, however, never granted plaintiff a hearing. The most extended and reasoned discussion of the case by the Board is dated May 13, 1965, shortly after receipt of the Surgeon General’s information set forth above. It appears to hold there was insufficient evidence of error or injustice 'before it to justify a ‘formal hearing’, that a reservist has no legal right to active duty, that recall to active duty was a matter of judgment, and that plaintiff might not have been recalled to active duty even if the mistake about his medical history had not been made. The court can discover in the record, however, no attempt to weigh what plaintiff’s chances of recall to active duty during the period, which included the Korean War, actually would have been, absent the mistake as to physical disability. Assuming, moreover, that a civilian reservist would have no legal or equitable grievance if not recalled to active duty, we *1083 find no consideration of tire distinction that could be drawn due to the fact that plaintiff was actually employed in the military during the entire relevant period, at a rank much below that for which he was commissioned, and to which he was qualified. There may be an inequity in not employing a soldier at his proper rank that differs from the position of a civilian who is not employed at all, though enrolled as a reservist. This is for the Board to determine.
“The duty of the Board to ‘remove an injustice’ (10 U.S.C. § 1552) is broader than and different from its duty to ‘correct an error’. Assuming there was no legal error to correct here, the Board was arbitrary and capricious in failing to consider whether there was an injustice to remove. Therefore, under authority of Public Law 92-415 and General Order No. 3 of 1972, par. 3(c), we remand the case to the Board for further proceedings in accordance with this order, in light of Skaradowski v. United States, 200 Ct. Cl. 488, 471 F. 2d 627 (1973), and Duhon v. United States, 198 Ct. Cl. 564, 461 F. 2d 1278 (1972). The remand shall be implemented as prescribed in General Order No. 3.
“it IS SO ORDERED.”
BY THE COURT
(Sgd.) Osoar H. Davis Acting for the Chief Judge
“coweN, Chief Judge, and seeltON and benNEtt, Judges, dissent. They would dismiss the petition.”