Herman R. TESTAN and Francis
L. Zarrilli

v.

The UNITED STATES.

No. 128–72.

United States Court of Claims.

July 19, 1974.

As Amended Nov. 1, 1974.

Edwin J. McDermott, Philadelphia, Pa., attorney of record, for plaintiffs.

Leslie H. Wiesenfelder, Washington, D. C., with whom was Asst. Atty. Gen., Carla A. Hills, for defendant.

Before COWEN, Chief Judge, LARA-MORE, Senior Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA and BENNETT, Judges.

OPINION

PER CURIAM:

This case is before the court on exceptions by both parties to a recommended decision and findings by Trial Judge Spector. Plaintiffs, civilian lawyers, were employed by the Defense Personnel Support Center, Defense Supply Agency (DPSC) at Philadelphia, Pennsylvania. The suit is for back pay from 1970 and an order for reclassification to operate *in futuro* under Pub.L. 92–415, 86 Stat. 652. We heard it *en banc* on plaintiffs' motion. The plaintiffs were classified at GS–13 and claim GS–14. They exhausted their remedies with the Civil Service Commission (CSC). The trial judge would hold that the refusal to reclassify at GS–14 was arbitrary and capricious but that the court cannot award the pay of a higher position to a person actually employed in a lower one. How-

ever, he would direct the CSC to reclassify for the future under Pub.L. 92–415.

■■ We agree that the position of the CSC was arbitrary and capricious. Plaintiffs' case is built mainly on the classification of attorneys doing similar work for another agency. Plaintiffs try cases before the Armed Services Board of Contract Appeals (ASBCA). The comparison attorneys do so also, on behalf of the Air Force Logistics Command (AFLC) at Dayton, Ohio. The Commission flatly refused to consider them or their jobs. Ordinarily, we agree, it is not arbitrary and capricious to refuse to consider the grade of employees other than the ones complaining. This case is peculiar in its facts. Where, as here, employees all belong to a small readily manageable cadre, their jobs have a large nexus of duties shared in common, and the other employees are specifically pointed out by the complaining employees, we deem the case to be different. There may be a perfectly good explanation for the apparent discrepancy. We think as a reviewing court we are entitled to be informed by the CSC what it is, and not to have to take it on faith or speculate about it. Otherwise, we are in no position to assure ourselves that the mandate of the statute, 5 U.S.C. § 5101, (calling for equal pay for equal work), is being complied with. As the trial judge observes, the classification of lawyers is always difficult because of the spate of vague, subjective terminology in lawyer's job descriptions. We think, in the circumstances here involved, the grades of other lawyers representing other procuring agencies before the ASBCA provide an essential benchmark. Without consideration of them, or at least some of them no confidence can be felt that the statute has been obeyed.

■■ There is no iron rule that we cannot ever award the pay of a higher position to the incumbent of a lower one. We do that in Selman v. United States, 498 F.2d 1354, 204 Ct.Cl. —— (decided June 19, 1974). *Compare also,* Jarett v. United States, 451 F.2d 623, 195 Ct.Cl. 320 (1971). The question always is as to legal entitlement to the higher position. If entitlement depends on the exercise of discretion by someone else we cannot substitute our own ˚discretion. Allison v. United States, 451 F.2d 1035, 196 Ct.Cl. 263 (1971); Pettit v. United States, 488 F.2d 1026, 203 Ct.Cl. 207 (1973). Here, as in *Pettit,* a remand under Pub.L. 92–415 affords the opportunity to employ the authority having the statutory discretion, to exercise it under proper directions. In Bookman v. United States, 453 F.2d 1263, 197 Ct.Cl. 108 (1972), we scrutinized the function of the CSC in classifying Government positions. We decided it was discretionary and not subject to our review except for arbitrary and capricious action or lack of support for a decision by substantial evidence. We adhere to that standard here. The theory of *Allison* and *Pettit,* however, was that the findings of the agency endowed with the discretion, if newly and correctly made, could create a legal right which we could then enforce by a money judgment. We did, not consider our decisions therein to be merely declaratory, and neither is this one today.

■ It is unnecessary to construe the Back Pay Act, 5 U.S.C. § 5596, since, if it does not cover the situation here involved, neither does it limit the˙Tucker Act jurisdiction 28 U.S.C. § 1491, as it previously existed. It was so held in *Allison* and *Pettit, supra.* Defendant would in effect refuse any judicial review to a person perhaps denied equal pay for equal work in a job classification, in possible violation of 5 U.S.C. § 5101. When Congress desires to achieve this result, it knows how to do it. *See,* Chambers v. United States, 451 F.2d 1045, 196 Ct.Cl. 186 (1971).

In accordance with the foregoing, we are constrained to differ with the trial judge both as to our supposed lack of power to award back pay and our supposed possession of power to direct the reclassification of the plaintiffs to Grade GS–14.

Accordingly, on considering the recommended decision and findings of Trial

Judge Spector, and the exceptions of the parties thereto, and their briefs and oral arguments, it is

This case is remanded to the Civil Service Commission pursuant to Pub.L. 92–415, 86 Stat. 652 and Rule 149(b) for a period of not to exceed six (6) months from the date of this order to conduct further administrative proceedings consistent with the court's per curiam opinion and decision of July 19, 1974. Further proceedings in the court shall be stayed during the period fixed by this order of remand. Plaintiffs' counsel is designated to advise the court by letter to the clerk of the status of the remand proceedings, and such advice shall be given at intervals of 90 days or less, commencing from the date of this order.

SKELTON, Judge (dissenting):

This court does not have jurisdiction nor authority to remand this case to the Civil Service Commission.

The Supreme Court held in clear and unequivocal language in United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed. 2d 52 (1969), that this court can only render judgments for money presently due, and cannot render declaratory judgments. We have not rendered a judgment for money in the present case. Consequently, we have neither the authority nor jurisdiction to issue any other kind of judgment or order in the case, except one of dismissal. Public Law No. 92–415, 86 Stat. 652, now a part of 28 U.S.C. § 1491 (1972), known as the Remand Statute, did not change the law in this regard nor enlarge our jurisdiction, except *"to complete the relief afforded by the judgment* [for money presently due], the court may, *as an incident of and collateral to any such judgment,* * * * [i]*n any case within its jurisdiction* * * * remand appropriate matters to any administrative or executive body* * * *."* (Emphasis supplied.) Since there is no money judgment here, which is the only kind this court can enter, there is no relief in the judgment to be completed, and there is nothing that the remand order can be "an incident of and collateral to." Also, the court is acting in a case not "within

its jurisdiction." Consequently, the Remand Statute is inapplicable to this case. See Kirby v. United States, 201 Ct.Cl. 527, 537 (1973), cert. denied, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). Therefore, the remand order is an exercise by the court of general equity powers which it does not possess, and is in the nature of a declaratory judgment as to the rights of the plaintiffs, which this court has no power to issue. *See* United States v. King, *supra.*

In addition to being without jurisdiction or authority to issue the remand order, as pointed out above, the court is also without jurisdiction to consider any part of plaintiffs' suit, because they have not alleged a claim upon which relief can be granted by this court. This is true because the plaintiffs are asking this court to promote them to higher positions and award them the salaries incident thereto, even though they have never been appointed to those positions by the agency for whom they work. Such relief is wholly beyond the jurisdiction of this court. This problem and the law relating to it was thoroughly discussed in my dissenting opinions in Chambers v. United States, 451 F.2d 1045, 196 Ct. Cl. 186 (1971); Allison v. United States, 451 F.2d 1035, 196 Ct.Cl. 263 (1971); and Pettit v. United States, 488 F.2d 1026, 203 Ct.Cl. 207 (1973), and I incorporate those dissenting opinions herein and, where applicable, make them a part of this dissenting opinion by reference. My dissent in the *Allison* case is especially applicable to the instant case, and, for emphasis, I repeat certain pertinent portions of that dissent in the following paragraphs, which I apply to the case before us.

This court does not have jurisdiction of this case for many reasons. The plaintiffs have not alleged a cause of action on which relief can be granted. They are asserting claims for salaries of jobs, but their petition does not allege that they were ever appointed to those jobs, nor that they performed services therein. Without these essential allegations, the petition does not state a cause of action. We have so held in the cases of Price v.

United States, 65 Ct.Cl. 91 (1928), cert. denied, 277 U.S. 587, 48 S.Ct. 434, 72 L. Ed. 1001; Barea v. United States, 115 Ct.Cl. 44 (1949), and Hyman v. United States, 157 F.Supp. 164, 138 Ct.Cl. 836 (1957). .

The failure of the department to promote the plaintiffs, whatever the cause, did not give them a cause of action against the United States, because they had no constitutional, vested, or inherent right to the jobs they are claiming. This is unquestionably the law. *See* McAuliffe v. New Bedford, 155 Mass. 216, 29 N.E. 517 (1892); Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965), and Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46 (1950), aff'd, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951).

Article 2, Section 2 of the Constitution provides that officers of the United States shall be appointed by the President or the heads of the departments, as Congress may direct. There is no other way a person can obtain a government job. *See* United States v. Smith, 124 U. S. 525, 8 S.Ct. 595, 31 L.Ed. 534 (1888); United States v. Mouat, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463 (1888), and Thomason v. United States, 85 F.Supp. 742 (N.D.Cal.1948), aff'd, 184 F.2d 105 (9th Cir. 1950). Government employment is not a contract, is not property and the due process clause of the Constitution does not apply. Bailey v. Richardson, *supra*; Crenshaw v. United States, 134 U.S. 99, 10 S.Ct. 431, 33 L.Ed. 825 (1890); Taylor v. Beckham, 178 U.S. 548, 20 S.Ct. 1009, 44 L.Ed. 1187 (1900), and Jenson v. Olson, *supra*. Since the plaintiffs were never appointed to these jobs, they had no vested or property rights in them. Consequently when they were not promoted, they were not denied anything that they had a right to.

It is fundamental that the salary of a government job is incident to and attaches to the job. In other words, it is a part of the job and goes with it. Because of this principle, the salary is payable only to the person appointed to the job, and a government employee is entitled only to the salary of the position to which he has been appointed. *See* Borak v. United States, 78 F.Supp. 123, 110 Ct.Cl. 236 (1948), cert. denied, 335 U.S. 821, 69 S.Ct. 43, 93 L.Ed. 375; Price v. United States, 80 F.Supp. 542, 112 Ct. Cl. 198 (1948); Ganse v. United States, 376 F.2d 900, 180 Ct.Cl. 183 (1967); United States v. McLean, 95 U.S. 750, 24 L.Ed. 579 (1877); Amundson v. United States, 120 F.Supp. 201, 128 Ct.Cl. 80 (1954), and Dvorkin v. United States, 101 Ct.Cl. 296, cert. denied, 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586 (1944). A corollary principle is that where an employee has received the salary of the office to which he was appointed, he has received all that he was entitled to. Price v. United States, *supra*; Ganse v. United States, *supra*. It follows from these authorities that the only way the plaintiffs could get the salaries of the jobs they are claiming was to be appointed to these positions, which did not happen. Also, when they received the salaries of the jobs to which they had actually been appointed, they had received all they were entitled to. These principles were applied in the above cited cases and in Donnelly v. United States, 134 F.Supp. 635, 133 Ct.Cl. 120 (1955), and Tierney v. United States, 168 Ct.Cl. 77 (1964), which were "promotion" cases. Amundson v. United States, *supra*, was also a promotion case.

It is clear that since the plaintiffs have not alleged nor shown that they have met the requirements set forth in the above authorities, they have not alleged a cause of action and this court does not have jurisdiction of their case.

As pointed out above, Article 2, Section 2 of the Constitution places the appointing power in the heads of the department, if directed by Congress. Such power has been given to the head of the department here. This court has no authority to take over that function. The Supreme Court and all other courts have always held that the appointment of government employees is an executive agency function that involves discretion and it will not be interfered with by the courts. Ex parte Hennen, 38 U.S. (13

Pet.) 230, 10 L.Ed. 138 (1839); Decatur v. Paulding, 39 U.S. (14 Pet.) 497, 10 L.Ed. 559 (1840); United States v. Mc-Lean, 95 U.S. 750, 24 L.Ed. 579 (1877); Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Donnelly v. United States, *supra*; Tierney v. United States, *supra*, and Amundson v. United States, *supra*.

During the more than 100 years this court has been in existence we have never promoted any government employee. Our jurisdiction has always been and still is limited to the granting of money judgments. United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). This principle was expressed very well by Judge Laramore in speaking for the court in Umbeck v. United States, 149 Ct.Cl. 418 (1960), when he said:

* * * Furthermore, it is the function of the agency rather than the court to make promotions, and to allow plaintiff to recover on this theory would be in effect granting a promotion to plaintiff. It is well settled that this court's jurisdiction extends only to the granting of a monetary judgment. United States v. Jones, 131 U.S. 1 [9 S.Ct. 669, 33 L.Ed. 90]; United States v. Alire, 6 Wall. 573 [73 U.S. 573, 18 L.Ed. 947]; Hart v. United States, 91 Ct.Cl. 308. [*Id.* at 429.]

Again in Bortin v. United States, 138 F.Supp. 251, 133 Ct.Cl. 856 (1956), we said:

Nor did plaintiff have any right to complain because, later on, an adjudicator other than he was promoted to assistant adjudication officer. It is still true, fortunately, that "promotion is the prerogative of an agency so long as the employee promoted meets the requirements for the position to which promoted." It would be quite detrimental to the public service if an agency head had no discretion in selecting men to do important jobs. He is already circumscribed more than a little

in his control over his subordinates. [*Id.* 138 F.Supp. at 253, 133 Ct.Cl. at 860.]

The appointment of the plaintiffs to these jobs retroactively by the court would be the exercise of equitable powers this court does not possess. United States v. King, *supra*.

The majority opinion in its present posture is actually a declaratory judgment. This is so because the plaintiffs' claims are not "limited to actual, presently due money damages from the United States," which the Supreme Court said in United States v. King, *supra*, was necessary in order to give this court jurisdiction. Otherwise, a declaration of the right of a claimant is a declaratory judgment. Here no court having appropriate powers has held that the plaintiffs are entitled to any money, nor has declared their rights to any amount of damages. We have no jurisdiction to entertain their claims or to declare their rights.

Finally, in the instant case, the record shows that the decision of the Commission was neither arbitrary nor capricious and was supported by substantial evidence. Furthermore, there is a rule of long standing that in discretionary matters, such as those involved here, the officers of the government are presumed to have discharged their duties in good faith and in a legal and proper manner. It takes well-nigh "irrefragable proof" to overcome this presumption. No such proof exists in the present case. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 47 S.Ct. 1, 71 L.Ed. 131 (1926); Grover v. United States, 200 Ct. Cl. 337 (1973); Kozak v. United States, 458 F.2d 39, 40, 198 Ct.Cl. 31, 35 (1972), and Knotts v. United States, 121 F.Supp. 630, 631-632, 128 Ct.Cl. 489, 492 (1954).

I would enter judgment for the defendant and dismiss the plaintiffs' suit.

LARAMORE, Senior Judge, and BENNETT, Judge, join in the foregoing dissenting opinion.