On May 2, 1975 tbe court issued the following order:
Before CoweN, Chief Judge, Davis AND Kasiiiwa, Judges.
“This case comes before the court on defendant’s motion for summary judgment and plaintiff’s opposition thereto. Upon consideration thereof, the court finds that plaintiff seeks recovery on his first (fourth) cause of action on the ground that an implied contract was entered into between plaintiff and representatives of the Department of Health, Education, and Welfare, resulting from a promise !by defendant’s representative that if plaintiff’s material relating to the ‘Professional Standards Beview Organization’ was furnished to and was found acceptable by defendant, plaintiff would be granted a position in the agency. Accepting plaintiff’s allegations as true, the court concludes that the pleading fails to set forth facts sufficient to establish a contract implied in fact because:
“ (1) There is no allegation that the Government employee with whom plaintiff met had any authority to enter into the alleged contractual agreement;
“(2) defendant’s unchallenged affidavit shows that such authority did not exist, and
“(3) even if the Government’s representative had the requisite authority, no meeting of the minds could be inferred, because the alleged agreement was conditioned on the acceptability of plaintiff’s work. See Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F.2d 1241 (1970); Putnam Mills Corp., 202 Ct. Cl. 1, 479 F.2d 1334 (1973), and Colonial *942 Metals Co. v. United States, 204 Ct. Cl. 320, 494 F.2d 1355 (1974).
“The court also finds that plaintiff’s remaining cause of action, the second cause of action, seeks exemplary or punitive damages based upon the alleged ‘willful, wanton, violent, and maliciously done’ acts of the Government. The court concludes that this claim clearly sounds in tort and is outside our jurisdiction. Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F.2d 817 (1974); Vincin v. United States, 199 Ct. Cl. 762, 765, 468 F.2d 930, 932 (1972).
“it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiff’s petition is hereby dismissed.”
In response to plaintiff’s motion to reconsider and review, on May 30,1975 the court issued an order reading in part as follows:
“We find nothing in plaintiff’s motion for reconsideration which would justify the court in setting aside the order [of May 2, 1975] which granted defendant’s motion for summary judgment. It is clear that plaintiff’s only cause of action within the jurisdiction of the court (first cause of action) rests on the allegation that defendant’s representative advised plaintiff that positions in the agency were available and that if plaintiff’s work was acceptable to Dr. Eoberts, plaintiff would be granted one of these positions. Plaintiff has neither alleged nor otherwise shown that he was actually appointed to a Federal position by an official authorized mider the regulations to make such an appointment. This failure mandates the dismissal of his claim. See Price v. United States, 65 Ct. Cl. 91, 95, cert. denied, 277 U.S. 587 (1928). Furthermore, plaintiff’s total reliance on the theories of contract law is misplaced, since ‘public employment does not * * * give rise to a contractual relationship in the conventional sense.’ Urbina v. United States, 192 Ct. Cl. 875, 881, 428 F. 2d 1280, 1284 (1970), see Crenshaw v. United States, 134 U.S. 99 (1890); Borak v. United States, 110 Ct. Cl. 236, 78 F. Supp. 123, cert. denied, 335 U.S. 821 (1948).
“it is therefore ordered that plaintiff’s ‘motion to reconsider’ be and the same is denied.”
*943 On June 18, 1975, plaintiff filed a motion to reconsider and review; on October 3, 1975 the court denied the motion. On October 30, 1975 the court denied plaintiff’s request for explanation of the order of October 3,1975.