On June 27,1975 the court issued the following order:
Before Nichols, Judge, Presiding, Kashiwa and KuNzig, Judges. Kottzig, Judge, concurs in the result.
“This case was originally briefed and argued before the full court on cross motions for summary judgment. By order dated June 1, 1973, the court with three judges dissenting, remanded the case to the Army Board for Correction of Military Records (ABCMR), 202 Ct. Cl. 1081. The suit is for commissioned officer’s pay during a period of years when the plaintiff actually was employed as an enlisted man, having been rejected for return to active duty in the reserve officer rank he held. The circumstances included a 1947 diagnosis of plaintiff as suffering from herniated nucleus pul-posus, which the Surgeon General in 1965 held was and had been erroneous. This diagnosis did not disqualify plaintiff from active duty as an enlisted man but for reasons not fully or at all explained, did disqualify him as an officer in a rank he had previously held. See the prior order for further details. The remand did not dispose of the motions, and such disposal is now possible. The parties have filed supplemental briefs and argued the case orally before this panel. Since the oral argument plaintiff has filed a motion, which we have *984 allowed, for leave to file another supplemental brief and such further brief has been considered.
“The ABCMR took the case as directed and granted plaintiff a hearing. It obtained ex parte a further report from the Surgeon General. In light of that further report, it is not as clear as it previously appeared that the disqualification decisions of 1948 and later relating to plaintiff’s physical fitness for active duty as an officer were in error. The ABCMR finds in effect they were correct. The plaintiff, taking the opposite side of the coin, also contended to the ABCMR that when retired he was disabled and should have received a disability retirement as a Colonel.
“As we read the ABCMR, even if the medical evidence in the case were unchanged from when it was before us previously, it would be impossible because too speculative to postulate a constructive active duty credit as an officer for this plaintiff from 1948 to 1966. This is what we wanted the Board to determine. Though 3d Army apparently wanted plaintiff on active duty with it, the Board says there was •little need to recall officers of his specialty in 1948 when he applied. We must presume this statement is based on fact and is not a ■ fabrication. If there was a need in 1950, the Korean war period, it would be impossible to say how long plaintiff would have served or what rank he would have attained. There is no way we can say the Board was arbitrary and capricious in drawing this conclusion as to a matter within its expertise. Assuming the Board to be unwilling to exercise its discretion favorably in the premises, there is no way this court can constructively and retroactively order active duty or promotions in rank. Abruzzo v. United States, 206 Ct. Cl. 731, 513 F. 2d 608 (1975). If the discretion were ours, how we would exercise it is not for consideration here.
“The claim that plaintiff was disabled on retirement in 1966 was apparently an attempt to exploit plaintiff’s repeated rejections on physical grounds as a kind of estoppel. Plaintiff applied for retirement on longevity grounds and a medical Board at that time found he was fit for further active duty. We do not think the ABCMR was arbitrary and capricious in denying a disability retirement, especially since plaintiff linked this claim, inextricably so far as the ABCMR *985 decision reveals, with, the contention he should have been retired as a Colonel. The rank at retirement and the character of retirement are logically two distinct issues, but if the applicant for relief links them together as one, the ABCMR is not arbitrary and capricious in doing the same.
“We do not think the ABCMR committed any error reversible by us in obtaining ex parte a further medical report from the Surgeon General, for use in considering plaintiff’s requests for discretionary relief. Merson v. United States, 173 Ct. Cl. 92, 97-98 (1965).
“The 1973 order in this case anticipated Testan v. United States, 205 Ct. Cl. 330, 499 F. 2d 690 (1974), cert. granted, 420 U.S. 923 (1975), in holding that under authority of Pub. L. 92-415 amending 28 U.S.C. § 1491, we could remand a case to an administrative body for consideration or reconsideration of relief we could not ourselves directly grant because essentially discretionary, when a favorable decision below would generate a valid money claim. Pending the outcome of Testan, in the Supreme Court, this order is not to be read as affirming or disaffirming our belief in the existence of such power.
“In view of the foregoing, plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.”
On October 30,1975 plaintiff’s motion for rehearing to alter judgment was denied. Plaintiff’s petition for certiorari was denied January 12,1976,423 U.S. 1050.