Plaintiffs, Government trial attorneys with civil service grade GS-13, having been denied job reclassification to GS-14, filed their petition in the Court of Claims seeking back pay from 1970 and reclassification. Plaintiffs contended that their duties and responsibilities met the requirements for the higher grade and were identical to those of other trial attorneys classified as GS-14 in another agency and that under the principle of “equal pay for substantially equal *794 work” prescribed in the Classification Act they were entitled to the higher classification. In an opinion dated July 19, 1974, 205 Ct. Cl. 330, 499 F. 2d 690, the court, en banc, held that if the Civil Service Commission were to determine that it had made an erroneous classification the court was authorized to award money damages for back pay lost, that the CSC’s refusal to compare plaintiffs’ positions with those of the other trial attorneys was arbitrary and capricious, and that the court had power to order the CSC to reconsider its classification decision, and remanded the case to the CSC to make the comparison and to report the result to the court. On defendant’s petition for certiorari, the Supreme Court in an opinion dated March 2, 1976, reported at 424 U.S. 392, reversed the court’s judgment and held that the Tucker Act does not in itself support the action taken by the Court of Claims, and that neither the Classification Act nor the Back Pay Act creates a substantive right in federal employees to back pay for the period of the alleged wrongful classification, and remanded the case “with directions to dismiss the respondents’ petition.”