**Leon GOLDFARB, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant.**

No. 74–C–1188.

United States District Court,
E. D. New York.

June 17, 1975.

Nadine Taub, c/o Women's Rights Litigation Clinic, Newark, N. J., Kathleen Peratis, American Civil Liberties Union Foundation, New York City, for plaintiff.

David G. Trager, U. S. Atty., Eastern District of N. Y., Brooklyn, N. Y., for defendant; Pamela C. McGuire, Henry A. Brachtl, Brooklyn, N. Y., of counsel.

Before MOORE, Circuit Judge and WEINSTEIN and JUDD, District Judges.

MEMORANDUM AND ORDER

PER CURIAM:

Seventy year old Leon Goldfarb applied for social security survivor's benefits after the death of his wife. She had been paying social security taxes for some twenty-five years. His employment had not been covered by social security. Mr. Goldfarb's claim was denied for the reason that,

"You do not qualify for a widower's benefit because you do not meet one of the requirements for such entitlement. This requirement is that you must have been receiving at least one half support from your wife when she died."

It is conceded that had the gender of these spouses been reversed, the plaintiff would have been granted social security benefits. A female need not show "at least one half support from" the deceased spouse. *See* 42 U.S.C. § 402(b), (c)(1)(C), (e), (f)(1)(D). Thus, the statute and its application to this plaintiff, "deprive women of protection for their families which men receive as a result of their employment." Weinberger v. Wiesenfeld, 420 U.S. 636, 645, 95 S. Ct. 1225, 1232, 43 L.Ed.2d 514 (1975).

*See also* Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).

This case is controlled by *Wiesenfeld*:

"[S]he not only failed to receive for her family the same protection which a similarly situated male worker would have received, but she also was deprived of a portion of her own earnings in order to contribute to the fund out of which benefits would be paid to others. Since the Constitution forbids the gender-based differentiation premised upon assumptions as to dependency . . . , the Constitution also forbids the gender-based differentiation that results in the efforts of women workers required to pay social security taxes producing less protection for their families than is produced by the efforts of men."

420 U.S. at 645, 95 S.Ct. at 1232, 43 L. Ed.2d at 523.

Whatever may have been the ratio of contribution to family expenses of the Goldfarbs while they both worked, Mrs. Goldfarb was entitled to the dignity of knowing that her social security tax would contribute to their joint welfare when the couple or one of them retired and to her husband's welfare should she predecease him. She paid taxes at the same rate as men and there is not the slightest scintilla of support for the proposition that working women are less concerned about their spouses' welfare in old age than are men. The government has failed to justify this gender-based discrimination.

 Plaintiff's request for a declaratory judgment that 42 U.S.C. § 402(b), (c)(1)(C), (e), (f)(1)(D), is unconstitutional insofar as it discriminates against widowers on the basis of sex must be granted. The application for certification as a class is denied. *See* Wiesenfeld v. Secretary of Health, Education and Welfare, 367 F.Supp. 981, 986–987 (D.N.J.1973), *aff'd sub nom.*, Weinberger v. Wiesenfeld, 420 U.S. 636,

95 S.Ct. 1225, 43 L.Ed.2d 514 (1975). The matter is remanded to the Secretary of Health, Education and Welfare who is directed to make payments for the period during which Mr. Goldfarb would have been qualified to receive benefits but for the discrimination against widowers now held to be unconstitutional.

So ordered.

MOORE, Circuit Judge, concurs in separate opinion.

MOORE, Circuit Judge (concurring).

In light of the Supreme Court's decisions in *Frontiero v. Richardson,* 411 U. S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973) and *Weinberger v. Wiesenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 574 (1975) I feel bound to reluctantly concur but not without deploring the necessity of judicial exercise of the legislative functions of government. The Congress presumably, after giving the problem due consideration and weighing the pertinent facts, enacted the legislation in question. If there are to be presumptions it would be but fair to the legislative branch to presume that their enactments were designed to be rationally related to the goal which they desired to achieve. By this decision it seems to me that the court is creating a new class of beneficiaries which Congress did not create.

Reference is made by defendant to an estimate that if all persons eligible for the benefits sought by plaintiff received the payments requested, the cost would be a third of a billion dollars. In a day in which the public press speaks of national deficits of sixty to one hundred billion dollars, a mere one-third of a billion may seem *de minimis.* However, in addition to the classification powers thus assumed by the courts, any such result would, in effect, extend the court's powers to the public purse. In short and to paraphrase a Biblical saying: I would render unto Congress the things that are Congress' * and thus avoid a ju-

* St. Mark, 12.17.

dicial invasion of the Congressional field, leaving to Congress the privilege to enact such legislation as may be just, proper and constitutionally well based under the circumstances.