**Edgar D. COFFIN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. A. No. 1890–73.

United States District Court,
D. Columbia,
Civil Division.

July 15, 1975.

On Motion for Reconsideration
Aug. 8, 1975.

---

Ruth B. Ginsburg, New York City, Hope Eastman, Susan Hewman, Washington, D. C., for plaintiff.

Thomas G. Corcoran, Jr., Asst. U. S. Atty., Barry M. Katz, Dept. of Justice, U. S. District Court, Washington, D. C., for defendant.

Before MacKINNON, Circuit Judge, and GASCH and SMITH, District Judges.

## OPINION

### I. *THE CLAIM*.

Plaintiff Edgar D. Coffin seeks to assert a class-action challenge to the con-

stitutionality of two sections of the Social Security Act.[1] Specifically plaintiff attacks those portions of the Act which provide for the payment of "husband's insurance benefits"[2] and "widower's insurance benefits."[3] Both subsections require that the male claimant, in order to be eligible for the payment of benefits, have received at least one-half of his support from his wife during certain statutorily specified times.[4] Plaintiff correctly points out that parallel sections of the Act, providing for the payment of benefits to wives[5] and to widows,[6] contain no similar support requirements. Coffin asserts that this different treatment of men and women is a violation of that equal protection of the laws which is guaranteed by the Fifth Amendment to the United States Constitution.[7]

Accordingly, Coffin requests the Court to declare that the statutory provisions in question are unconstitutional and to enjoin the defendant from denying benefits to any person on the ground of failure to satisfy the support requirements of the statute. He also asks the Court to award him those benefits which would have otherwise accrued to him (beginning in August, 1965) and seeks reasonable costs and attorney's fees.

The case is now before the Court on the plaintiff's motion for certification of representation of a class consisting of all men otherwise eligible for benefits[8] and on motions of both parties for summary judgment.

## II. FACTS.

### A. Coffin's Eligibility.

The facts regarding Mr. Coffin are undisputed. Mr. Coffin is a 71-year-old white male who retired in August, 1964, from his job as a police officer in the Borough of Verona, New Jersey. He has never been an insured individual under the Social Security Act and has never received old-age, survivors or disability insurance benefits under the Act. Since his retirement, Mr. Coffin's principal income has been a pension from New Jersey's Consolidated Police and Fire Pension Fund (amounting to some $4,675.80 per annum).

On August 4, 1928, Mr. Coffin married Edna Elizabeth Coffin and remained married to her until her death on September 6, 1970.[9] Mrs. Coffin was a fully-insured individual under the Social Security Act at the time of her retirement in June, 1964, and began to receive old-age insurance benefits in August, 1964. She continued to receive these benefits until her death in 1970.

Shortly after his wife's death, Mr. Coffin applied for the lump-sum death benefits due him under the Social Security Act as a surviving spouse and also for all other benefits payable to him under the Act. On the form used to apply for these benefits, Mr. Coffin answered negatively a question inquiring whether he had been receiving at least one-half of his support from his wife at the time

---

1. 42 U.S.C. §§ 301–1396i (1970).

2. 42 U.S.C. § 402(c) (1970).

3. 42 U.S.C. § 402(f) (1970).

4. 42 U.S.C. § 402(c)(1)(C) (1970) (husband's benefits); 42 U.S.C. § 402(f)(1)(D)(i) (1970) (widower's benefits).

5. 42 U.S.C. § 402(b) (1970).

6. 42 U.S.C. § 402(e) (1970).

7. The Fifth Amendment, of course, contains no "equal protection" clause. It is settled, however, that discrimination may be so unjustifiable as to be violative of the Fifth Amendment's guarantee of due process.

*Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

8. Plaintiff also claims that women are discriminated against because they receive less coverage in proportion to cost than do men. For example, a male who pays into the Social Security system receives automatic coverage for himself and for his spouse. A woman, although she pays into the system at the same rate as her male counterpart, receives automatic coverage only for herself. Her spouse is not covered unless he can also meet the support requirement. Plaintiff does not, however, seek to represent the class of such disadvantaged women.

9. Mr. Coffin has not remarried.

of her death.[10] He was paid the lump-sum death benefits payment but has received no other benefits under the Act.

### B. *Old-Age Pension System.*

The Social Security Act provisions which permit payment of benefits to husbands and widowers were passed in 1950.[11] The parallel provisions [12] which authorized benefits to be paid to wives and widows were passed in 1939.[13] These benefits are part of that Social Security program known as "Old-age and survivors insurance benefit payments." 42 U.S.C. § 402. It is undisputed that the old-age insurance program was intended to be self-supporting.[14] The removal of the dependency criterion for establishing eligibility for widower's and husband's benefits would require the payment of approximately $351,000,000.00 in additional benefits during the first full calendar year after abolition of the dependency requirement.[15]

### III. *MOTION FOR CERTIFICATION OF CLASS ACTION.*

The Court will first take up plaintiff's motion for certification of this case as a class action. Plaintiff seeks to represent all husbands and widowers who, but for the dependency requirement, would be eligible for the payment of benefits under 42 U.S.C. § 402(c), (f).[16] At oral argument, counsel stated that class status was sought only regarding the claim

for declaratory and injunctive relief and not regarding the claim for back benefits.

█   The Court will refuse, for two reasons, to certify this matter as a class action. First, because only declaratory and injunctive relief is sought on behalf of the class, there exists no need for a class action. The Court could, without resort to a class action, fashion a decree which would run to the relief both of Coffin and of all others similarly situated. Where such a situation exists, a class action is neither useful nor required. *See Martinez v. Richardson*, 472 F.2d 1121, 1127 (10th Cir. 1973); *Ihrke v. Northern States Power Co.*, 459 F.2d 566, 572 (8th Cir.), *vacated on other grounds* 409 U.S. 815, 93 S.Ct. 66, 34 L. Ed.2d 72 (1972); *Kinsey v. Legg, Mason & Co.*, 60 F.R.D. 91, 100–101 (D.D. C.1973). Hence, entirely apart from whether plaintiff fulfills the requirements of Rule 23, there is no reason to certify this case as a class action.[17]

█   A second reason for our refusal to create a class action here is that plaintiff's motion for class action certification was not timely filed pursuant to the rules of this Court. Local Rule 1–13 provides that a motion for certification of a class be filed within 90 days of the filing of the complaint. This requirement was not met in this case.[18] Plaintiff has attempted to excuse this failure,

---

10. Mr. Coffin at no time received one-half or more of his support from his wife and has never claimed that he did.

11. Act of Aug. 28, 1950, 64 Stat. 482.

12. 42 U.S.C. § 402(b), (e) (1970).

13. Act of Aug. 10, 1939, 53 Stat. 1362.

14. S.Rep.No.1669, 81st Cong., 2d Sess. at 33 (1950), U.S.Code Cong.Serv.1950, p. 3287; H.R.Rep.No.1300, 81st Cong., 1st Sess. at 31 (1950). The program is financed by taxes based on the earnings of covered workers, their employers and self-employed persons. *Affidavit of Lawrence Alpern*, Deputy Chief Actuary, Office of the Actuary of the Social Security Administration, ¶ 5 [hereinafter cited as *Alpern Affidavit*].

15. *Alpern Affidavit*, ¶ 3.

16. Plaintiff's Amended Complaint at 3–4. He seeks class action status pursuant to Rule 23(a), (b)(2), Fed.R.Civ.Pro.

17. The Seventh Circuit has taken the position that a class action *must* be granted if the requirements of Rule 23 are met. *Fujishima v. Board of Education*, 460 F.2d 1355, 1360 (7th Cir. 1972). This has been characterized as "an overstatement." 3B J. Moore, *Federal Practice* ¶ 23.40 (1973 Supp. at 64).

18. The original complaint herein was filed on October 5, 1973. An Amended Complaint was filed on December 10, 1973. The request for certification of the class was not filed until May 22, 1974.

but his various explanations are unconvincing.[19]

For the reasons stated above, therefore, the Court will refuse to certify a class in this case.

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT.

We think that the recent Supreme Court decision in *Weinberger v. Wiesenfeld*[20] is controlling here. In *Wiesenfeld* the Court held that the gender-based distinction mandated by certain provisions of the Social Security Act, 42 U.S.C. § 402(g), was unconstitutional. The section there challenged provided for the payment of survivors' benefits based on a deceased husband's earnings both to his widow and to the couple's minor children in her care. In the case of a deceased female wage earner, however, the statute provided solely for payment of benefits to the minor children and not to the widower. The Court held that section 402(g)

> clearly operates . . . to deprive women of protection for their families which men receive as a result of their employment.[21]

The Court thought the classification in *Wiesenfeld* indistinguishable from that invalidated in *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).[22] Indeed, the Court found the classification in *Wiesenfeld* more invidious than that in *Frontiero* in two ways: (1) There was no possible way for Wiesenfeld to obtain benefits while Frontiero at least had an opportunity to meet the dependency requirement; and (2) Mrs. Wiesenfeld paid social security taxes during her working years yet she received less protection than a similarly situated male. Thus, she was deprived of a portion of her earnings without any compensation.[23]

■ The present case, of course, is somewhat different from *Wiesenfeld*. Different portions of the Social Security Act are involved, sections which do not completely exclude men from benefits but set up a dependency requirement. Nonetheless, we think that these differences are not material. *Wiesenfeld* clearly teaches that such a dependency requirement is no better than that invalidated in *Frontiero*. In addition, the present case involves a situation in which taxes imposed on a woman's salary do not purchase the same protection as similar taxes imposed upon a male's wages. The conclusion seems inescapable that the statutory classification at issue here must be invalidated.[24]

In the present case, however, the government seeks to argue that the gender-based classification actually was intended to benefit women and to compensate for previous discrimination against them. We think that *Wiesenfeld* disposes of this argument as well. The sections of the Act dealing with wives' and widows' benefits[25] were passed as part of the extensive 1939 amendments to the

---

19. Plaintiff relies on the procedural aspect of this case and especially the fact that the defendant filed motions to dismiss the case, to dissolve the three-judge court and to transfer the case. The Court fails to see how any or all of these actions could have hindered plaintiff's compliance with the Local Rule.

20. 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975).

21. *Id.* 420 U.S. at 645, 95 S.Ct. at 1232.

22. *Id.* 420 U.S. at 642–43, 95 S.Ct. at 1230. *Frontiero* involved a female officer of the armed services who challenged the statutory

and administrative scheme for the provision of allowances and benefits to service personnel and their dependents. Under the existing plan, wives of male service members qualified automatically for full benefit while spouses of female service members had to meet a dependency requirement. 411 U.S. at 678, 93 S.Ct. 1764.

23. 420 U.S. at 645, 95 S.Ct. at 1232.

24. We are joined in this conclusion by at least one other Court. *Goldfarb v. Secretary of HEW*, 396 F.Supp. 308 (E.D.N.Y. 1975) (three-judge court).

25. 42 U.S.C. § 402(b), (e) (1970).

Act[26] while the sections authorizing husbands' and widowers' benefits[27] were added in 1950.[28] The Court in *Wiesenfeld* stated that:

> [T]he framers of the Act legislated on the "then generally accepted presumption that a man is responsible for the support of his wife and child." [Citation omitted.]

> Obviously, the notion that men are more likely than women to be the primary supporters of their spouses and children is not entirely without empirical support. [Citation omitted.] But such a gender-based generalization cannot suffice to justify the denigration of the efforts of women who do work and whose earnings contribute significantly to their families' support.[29]

The Court in *Wiesenfeld* characterized the classification created by the 1939 amendments as one which was an

> "archaic and overbroad" generalization, . . . "not . . . tolerated under the Constitution" . . . .[30]

The Court quite clearly has rejected the benign classification argument insofar as it relates to the 1939 amendments. Our careful search of the legislative history of the 1950 amendments has failed to reveal any significant difference from the 1939 amendments in regard to Congressional intent. The government's argument must therefore fail.

An order will issue in accord with this opinion.

## ORDER

Upon consideration of the cross-motions for summary judgment herein, and for the reasons set forth in the Court's opinion filed herewith, it is by the Court this 14th day of July, 1975.

Ordered that plaintiff's motion to certify this case as a class action be, and it is, denied; and it is further

Ordered that defendant's motion for summary judgment be, and it is, denied; and it is further

Ordered that plaintiff's motion for summary judgment be, and it is, granted; and it is further

Ordered that 42 U.S.C. § 402(b), (c)(1)(C), (e), (f)(1)(D) be, and it is, declared unconstitutional insofar as it discriminates against persons on the basis of sex; and it is further

Ordered that defendant be, and he is, permanently enjoined from denying benefits to any person solely on the ground of failure to satisfy those statutory support requirements which are solely applicable to one sex; and it is further

Ordered that this claim be, and it is remanded to the Secretary of Health, Education and Welfare, who is directed to pay benefits to plaintiff for that period of time in which he would have been eligible for payment thereof save for the discriminatory support requirement herein declared unconstitutional.

## ON MOTION FOR RECONSIDERATION

This matter is before the Court on defendant's motion for reconsideration in the light of *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The defendant does not claim that *Salfi* requires that we overrule our prior decision herein. He suggests only that *Salfi* requires that our order be modified so that it will be applicable only to plaintiff himself and not to others in his situation. He further suggests that the case be remanded for "appropriate action" in accordance with our decision here. This would mean that payment of benefits would not take

---

26. Act of Aug. 10, 1939, 53 Stat. 1362.

27. 42 U.S.C. § 402(c), (f) (1970).

28. Act of Aug. 28, 1950, 64 Stat. 482.

29. *Weinberger v. Wiesenfeld,* 420 U.S. at 644–45, 95 S.Ct. at 1231–32.

30. *Id.* 420 U.S. at 643, 95 S.Ct. at 1231.

place until after the appeal hereof was determined—a process which could take some time.

■ *Salfi* seems to preclude "federal question" jurisdiction (28 U.S.C. § 1331) in Social Security Act cases and require that review be carried out in accordance with 42 U.S.C. § 405(g), (h). These latter sections speak only of authority to affirm, modify or reverse an administrative decision. Defendant argues, and we agree, that this language, when interpreted in the light of *Salfi*, means that the Court is without power to shape a decree, the operation of which reaches beyond the applicants actually before the Court. *See Weinberger v. Salfi, supra*, 422 U.S. at 763 & n.8, 95 S.Ct. at 2466 & n.8.[1] Accordingly, the order herein will be modified to restrict its application only to Mr. Coffin.

■ The Court is, however, unable to accept the Government's suggestion that this case be remanded in such a way that payment of benefits herein may be delayed until after action by the Supreme Court. Mr. Coffin is a man of over 70 years of age who is living on a small state pension. His claim for benefits was denied in 1970. Although we hope for the best, we must face the reality that, at his age, Mr. Coffin might not survive to enjoy the fruits of any triumph in the Supreme Court. The Court, in addition, knows of no authority that requires payment herein to be delayed pending appeal. Moreover, since the decree herein now affects only Mr. Coffin, we are no longer concerned with vast sums of money but only with the relatively paltry total now owed to Mr. Coffin. Finally, although doubtless able advocacy might permit the Government

view to prevail in the Supreme Court, we must realistically regard the chances for such as small. In the circumstances, therefore, we think that justice requires that payment herein be made to Mr. Coffin immediately.

## ORDER

Upon consideration of this case pursuant to defendant's motion, therefore, it is by the Court this 8th day of August, 1975

ORDERED that this Court's order of July 14, 1975, be, and it is, amended to read as follows:

Upon consideration of cross-motions for summary judgment herein, it is by the Court

ORDERED that plaintiff's motion to certify this case as a class action be, and it is, denied; and it is further

ORDERED that defendant's motion for summary judgment be, and it is, denied; and it is further

ORDERED that plaintiff's motion for summary judgment be, and it is, granted; and it is further

ORDERED that the decision of the Secretary not to grant plaintiff's application for husband's and widower's benefits pursuant to 42 U.S.C. § 402(c), (f), be, and it is, reversed upon this Court's finding that the one-half support requirement forming the basis for the Secretary's denial is unconstitutionally discriminatory on the basis of sex; and it is further

ORDERED that this case be, and it is, remanded to the Secretary for immediate payment of all present and back benefits due to plaintiff.

[1]. The Court need not, however, modify its ruling denying a class action herein since *Salfi* explicitly concluded that the District Courts have no jurisdiction to entertain class actions seeking review of determinations under the Social Security Act. *Weinberger v. Salfi, supra*, 422 U.S. at 764, 95 S.Ct. at 2466.