603 F.2d 666
 CA 79-3060 Anna WRIGHT and Roland Wright, Individually and
on behalf of all others similarly situated,
Plaintiff-Appellees,
v.
Joseph A. CALIFANO, Secretary of the Department of Health,
Education and Welfare, Defendant-Appellant.
 No. 77-2288.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 27, 1978.
Decided Aug. 14, 1979.
Rehearing Denied Oct. 23, 1979.
 
 John Wojciechowski, Dept. of Health, Ed. and Welfare, Baltimore, Md., for defendant-appellant.
 James D. Weill, Robert Berger and Jane G. Stevens, Legal Assistance Foundation, Chicago, Ill., for plaintiffs-appellees.
 Before FAIRCHILD, Chief Judge, and PELL and TONE, Circuit Judges.
 TONE, Circuit Judge.
 
 
 1
 The two principal issues raised in this case are (1) whether the doctrine of sovereign immunity bars the award of erroneously withheld Social Security Act benefits in an action under the judicial review provisions of the Act and (2) whether the district court's order is so ambiguous as to require remand for clarification. We answer both questions in the negative and affirm the district court's judgment granting relief to the plaintiff class.
 
 
 2
 On September 1, 1972, plaintiff Roland Wright applied for husband's insurance benefits under § 202(c) of the Social Security Act, 42 U.S.C. § 402(c).[1] The Secretary denied Wright's initial application for failure to satisfy the one-half support requirements of § 202(c)(1)(C). That decision was affirmed in subsequent administrative appeals; Wright received the last administrative decision denying his claim on August 21, 1975. He and his wife filed this action on October 8, 1975 challenging the constitutionality of § 202(c)(1)(C) and seeking to represent two classes:
 
 
 3
 (1) All applicants for husbands' insurance benefits under § 202(c) of the Social Security Act . . . whose applications, requests for reconsideration, hearings, or Appeals Council reviews have been denied solely because of the statutory requirement in 42 U.S.C. § 402(c)(1)(C) that husbands must have received more than half of their support from their wives in order to be entitled to benefits and . . . such denials have occurred since the 60th day prior to October 5, 1973, . . .; and (2) the insured, married women wage-earners eligible for Social Security benefits whose husbands would be eligible to receive husbands' benefits were it not for the requirement in 42 U.S.C. § 402(c)(1)(C) that husbands have been receiving more than half their support from their wives in order to qualify for benefits.
 
 
 4
 The Secretary did not file an answer until March 1, 1976. Plaintiffs submitted interrogatories to the Secretary designed at least in part to elicit information necessary to establish the class action allegations in the complaint. The Secretary moved to stay the proceedings; after the parties had briefed the issue, the district court denied the motion on September 24, 1976. Finally, on November 15, 1976 the Secretary filed initial responses to plaintiffs' interrogatories. Plaintiffs moved to certify the classes on February 22, 1977.
 
 
 5
 Before the Secretary's response was due, however, the Supreme Court issued its decision in Califano v. Goldfarb, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977),[2] holding that the provisions of § 202(f)(1)(D), 42 U.S.C. § 402(f) (1)(D), which required a widower seeking benefits under the Act to establish that at the time of his wife's death he "was receiving at least one-half of his support" from her, violated the equal protection component of the Fifth Amendment since no similar proof was required of widows. Less than three weeks later, the Court summarily affirmed three district court decisions, holding that the similar requirements of § 202(c)(1)(C) offended the Fifth Amendment.[3] We are informed by the Secretary that "pursuant to" these decisions he "paid, from the effective date of their applications, benefits to all individuals who had obtained a 'final decision' of the Secretary denying them benefits (solely on the basis of § 202(c)(1)(C)), who had instituted suit pursuant to section 205(g) of the Act, 42 U.S.C. 405(g)." Accordingly, Roland Wright received husband's insurance benefits "effective from September, 1971."[4] After paying him retroactive benefits and apparently certifying him for prospective benefits as well, See 42 U.S.C. § 405(i), the Secretary moved to dismiss the action as moot.
 
 
 6
 The district court denied the motion and certified the two classes,[5] ruling that the certification related back to the date the complaint was filed.[6] The court found that class action allegations covering the members of the class plaintiffs sought to represent were pending in other cases between the time of the Secretary's final denial of the Wright claim and the date the Wrights filed their complaint.[7] The 60-day limitation for filing complaints under 42 U.S.C. § 405(g) was therefore tolled until after this action was commenced.[8] Finally, since the husband class was limited to those who had received denials based Solely on 42 U.S.C. § 402(c)(1)(C), the district court concluded that each member of the husband class had received a "final decision of the Secretary" for purposes of 42 U.S.C. § 405(g). See Califano v. Goldfarb, supra, 430 U.S. at 203 n. 3, 97 S.Ct. 1021; Weinberger v. Salfi, 422 U.S. 749, 764-767, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).[9] Having found that it had jurisdiction to review the Secretary's decision as to each member of the husband class, the court, relying on Goldfarb, Silbowitz, Jablon, and Abbott, supra note 3, entered summary judgment on the merits for plaintiffs, reversing the Secretary's eligibility determination in each case and ordering him,
 
 
 7
 to pay each class member all the benefits he would have received had his application for husband's insurance benefits been granted originally without regard to the support requirement of 42 U.S.C. § 402(c)(1)(C).
 
 I.
 
 8
 Before turning to the Secretary's sovereign immunity contention, we must deal with two contentions concerning our jurisdiction.
 
 
 9
 The Secretary contends that the district court had no jurisdiction over the claims of the absent class members because the judicial review provisions of the Act, 42 U.S.C. § 405(g), only permit individual actions. The Supreme Court rejected this contention in Califano v. Yamasaki, --- U.S. ----, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), decided after the oral argument in the case at bar:[10]
 
 
 10
 where the district court has jurisdiction over the claims of the members of the class in accordance with the requirements set out in § 205(g) (42 U.S.C. § 405(g)), it also has the discretion under Fed.Rule Civ.Proc. 23 to certify a class action for the litigation of those claims.
 
 
 11
 Id. 99 S.Ct. at 2558. Since each member of the husband class met the requirements of § 205(g), 42 U.S.C. § 405(g), as construed in Weinberger v. Salfi, supra,[11] the court had jurisdiction over each of their claims. The certification of the wife class is academic since no relief was granted as to them. See note 5, Supra.
 
 
 12
 Next, the Secretary contends that after Roland Wright had been paid the case was moot and therefore the district court should have dismissed the action. Plaintiffs respond that the case was not moot even as to Wright because the Secretary's erroneous denial of benefits had not been formally reversed. In the alternative, plaintiffs contend that even if Wright's claim was moot, the claims of the other members of the class were not, and therefore the court properly entered judgment on the merits for them. Of course, plaintiffs' alternative contention depends on the validity of the proposition that the court's certification of the class could relate back to the time the complaint was filed. For until the class was certified, the claims of the class members were technically not before the court and the vitality of their claims could not save an otherwise moot case.
 
 
 13
 Wright sought a judicial determination that the Secretary's finding that he was ineligible for benefits was erroneous as well as the money he claimed he was entitled to. The Secretary's unilateral decision to give him part of the relief he sought was not sufficient to moot the case. But even if it had been, this court's decision in Wright v. Califano, 587 F.2d 345, 350 (7th Cir. 1978), following the Second Circuit's decision in White v. Mathews, 559 F.2d 852, 856-857 (2d Cir. 1977), Cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), on this point, requires the conclusion that the district court properly found that certification of the class should relate back.[12] The conceptual difficulties inherent in such a holding[13] did not deter the Supreme Court from suggesting in Sosna v. Iowa, supra, 419 U.S. at 402 n. 11, 95 S.Ct. 553, that class certification may relate back or from giving "speedy effect," Frost v. Weinberger, supra, 515 F.2d at 64, to that suggestion in Gerstein v. Pugh, supra, 420 U.S. at 110-111 n. 11, 95 S.Ct. 854.
 
 II.
 
 14
 The Secretary contends that the district court's award of "retroactive" relief is barred by the doctrine of sovereign immunity.[14] In Jimenez v. Weinberger, 523 F.2d 689, 702 (7th Cir. 1975), Cert. denied, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976), we rejected an identical argument. According to the Secretary, however, United States v. Testan, supra, requires reconsideration of the point. Although Testan discusses the doctrine of sovereign immunity, it is of little relevance in this case, and we adhere to our decision in Jimenez, decided only four years ago.
 
 
 15
 In Testan v. United States, 499 F.2d 690, 205 Ct.Cl. 330 (1974), the Court of Claims held that the Classification Act, 5 U.S.C. § 5101, Et seq., "gives rise to a claim for money damages (against the United States) for pay lost by reason of . . . allegedly wrongful classifications (of federal employees)." United States v. Testan, supra, 424 U.S. at 399, 96 S.Ct. at 953. Any such claim necessarily required a waiver of sovereign immunity. Id. Plaintiffs argued that the Tucker Act, 28 U.S.C. § 1491, constituted a general waiver of sovereign immunity "with respect to any claim invoking a constitutional provision or a federal statute . . . ." Id. at 400, 96 S.Ct. at 954. The Court found the argument unpersuasive, explaining that
 
 
 16
 the Tucker Act is merely jurisdictional and (the) grant of a right of action (against the United States) must be made with specificity. . . . (T)he asserted entitlement to money damages depends upon whether any federal statute "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.
 
 
 17
 Id. (Citation omitted.) Finding no such mandate in either the Classification Act or the Back Pay Act, 5 U.S.C. § 5596, Et seq., the Court held that the Court of Claims had no jurisdiction of plaintiffs' claims for reclassification and back pay.
 
 
 18
 Unlike the plaintiffs in Testan, plaintiffs here are not asserting an independent right of action for money damages against the United States. Rather, they seek a judicial determination reversing the Secretary's decision that they were ineligible for benefits under the Social Security Act at the time of their applications. Section 205(g) of the Act unequivocally authorizes the district court to entertain such an action and expressly authorizes a district court "to enter, . . . a judgment . . . reversing the decision of the Secretary . . . ." 42 U.S.C. § 405(g).
 
 
 19
 The Secretary's decision denying an applicant benefits under 42 U.S.C. § 402(j)(1) solely on the basis of 42 U.S.C. § 402(c)(1)(C) is no less erroneous or subject to correction in a proceeding under 42 U.S.C. § 405(g) than a decision under 42 U.S.C. § 402(c) generally. Reversal of the Secretary's decision as to eligibility necessarily requires the award of "retroactive" relief. It is the date on which the application is filed, and not the date on which the claimant is ultimately determined to be eligible, that triggers his entitlement to benefits under the Act. See, e. g., 42 U.S.C. §§ 402(c), (j) (1). Subject to certain exceptions that are irrelevant here, the language of § 202(j)(1) is mandatory, See note 4, Supra; a claimant is entitled to "retroactive" benefits for a period of up to twelve months preceding his application.[15] Furthermore, § 204, 42 U.S.C. § 404, directs the Secretary to make proper adjustments "(w)henever (he) finds that . . . less than the correct amount of payment has been made to any person . . . ." Congress has thus unequivocally expressed its intention that a claimant receive the benefits to which he is entitled under the Act, including "retroactive" benefits. The doctrine of sovereign immunity does not require more.[16]
 
 III.
 
 20
 The district court reversed the Secretary's eligibility decision as to each member of the husband class and ordered him "to pay each class member all the benefits he would have received had his application . . . been granted originally . . .. " The Secretary has taken the position that until Abbott was decided in March, 1977, the one half support requirements of 42 U.S.C. § 402(c) (1)(C) were valid and enforceable. Therefore, although any person applying for husband's benefits after March, 1977 would be entitled to benefits without regard to § 402(c)(1)(C) for each month thereafter, he would not be entitled to any "retroactive" benefits under 42 U.S.C. § 402(j)(1) because in any month prior to March, 1977 he would not have been entitled to benefits "had he filed application therefor. . . ." Id.[17] According to the Secretary, the district court's order is unclear as to whether it includes only those applicants who were denied benefits altogether before March, 1977 or whether it also includes applicants who were only denied retroactive payments under § 402(j)(1) after March, 1977.
 
 
 21
 The district court's order seems both plain and unambiguous. We can find nothing in the order to support the suggestion that it includes only those who had been denied benefits at the time Abbott was decided. Nor can the Secretary; to support the contention that the order is ambiguous, he relies on a single sentence from the district court's decision granting plaintiffs' motion for summary judgment. The class certified includes all applicants for husband's benefits "whose applications, requests for reconsideration, hearings or Appeals Council reviews have been denied solely because of the statutory requirement(s) in 42 U.S.C. § 402(c)(1)(C) . . . and (whose) notices of such denials were mailed . . . on or after the 60th day prior to October 5, 1973; . . . ." This language is not limited to applicants who were denied benefits prior to Abbott and there is no reason to read such a limitation into the order.
 
 
 22
 The Secretary argues that even if the order is not ambiguous, the most "plausible" interpretation is that it is limited to those who applied before March, 1977. We disagree. The most "plausible" interpretation of the language is that which is fairly expressed in the language itself.
 
 
 23
 We conclude, therefore, that the district court's order requires the Secretary to pay complete retroactive benefits to all applicants for husband's benefits whose notices of denial based solely on 42 U.S.C. § 402(c)(1)(C) were mailed on or after the 60th day prior to October 5, 1973 and before entry of the district court's judgment on October 5, 1977. We see no reason for the further delay which would result from a remand on this point.
 
 
 24
 Accordingly, the judgment of the district court is affirmed.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 In pertinent part, § 202(c) provides that:
 (1) The husband . . . of an individual entitled to old-age or disability insurance benefits, if such husband . . ., (C) was receiving at least one-half of his support, . . ., from such individual . . ., and filed proof of such support . . ., shall be entitled to a husband's insurance benefit . . . .
 42 U.S.C. § 402(c). Under the provisions of § 202(b), as amended, 42 U.S.C. § 402(b), women seeking "wife's insurance benefits" are not required to make any such showing.
 
 
 [2]
 The Court's decision is dated March 2, 1977
 
 
 [3]
 Califano v. Silbowitz, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977), Aff'g, Silbowitz v. Secretary of Health, Education and Welfare, 397 F.Supp. 862 (S.D.Fla.1975); Califano v. Jablon, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977), Aff'g, Jablon v. Secretary of Health, Education and Welfare, 399 F.Supp. 118 (D.Md.1975) (three-judge court); Califano v. Abbott, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977), Aff'g, Abbott v. Weinberger, Civ. No. C-74-194 (N.D.Ohio February 11, 1976). See also Coffin v. Secretary of Health, Education and Welfare, 400 F.Supp. 953 (D.D.C.1975), appeal dismissed under Supreme Court Rule 60, Coffin v. Califano, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 789 (1977); Hau v. Secretary of Health, Education and Welfare, Civ. No. 74-1016 (D.N.J. July 29, 1976), appeal dismissed under Supreme Court Rule 60, Califano v. Hau, 430 U.S. 960, 97 S.Ct. 1613, 51 L.Ed.2d 812 (1977)
 
 
 [4]
 Although, as noted above, Wright first applied for benefits in September, 1972, § 202(j)(1) of the Act, as amended, 42 U.S.C. § 402(j)(1) provides that,
 (a)n individual who would have been entitled to a benefit under subsections (a) to (g) . . . of this section for any month after August, 1950 had he filed application therefor prior to the end of such month shall be entitled to such benefits for such month if he files application therefor prior to the end of the twelfth month immediately succeeding such month.
 Thus the Act itself provides for "retroactive" benefits for a period of up to one year, if the applicant would have been entitled to benefits had he applied.
 
 
 [5]
 The first class certified by the district court, namely, husbands who had received denials of benefits based solely on § 202(c)(1)(C) on or after the 60th day prior to October 5, 1973, was also represented in both Coffin and Abbott. The district court also certified another class comprising the wives of the members of the first class; but the class action allegations in Coffin did not include a wife class, although those in Abbott did. 42 U.S.C. § 405(g) does not authorize a suit by the members of this second class because none of them applied for benefits, and there was of course no decision of the Secretary denying them benefits which the court could review. We perceive no other theory on which members of this class would have been entitled to relief, but the district court did not order any relief as to this class, so any error in certifying it was harmless
 
 
 [6]
 Compare Rule 15(c), Fed.R.Civ.P
 
 
 [7]
 The complaint in Coffin v. Secretary of Health, Education and Welfare, 400 F.Supp. 953 (D.D.C.1975), appeal dismissed, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 789 (1977), was filed on October 5, 1973, challenging the constitutionality of § 202(c)(1)(C) on behalf of "all husbands . . . who, but for the dependency requirement, would be eligible for the payment of benefits under 42 U.S.C. § 402(c) . . . ." Id. at 956 & n. 18
 On July 14, 1975 the court in Coffin denied the motion to certify the class. Id. But on May 20, 1974 plaintiffs in Abbott v. Weinberger, Civ. No. C-74-194 (N.D.Ohio February 11, 1976), Summarily aff'd sub nom. Califano v. Abbott, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977), had filed a similar challenge to § 202(c)(1)(C) on behalf of "all present and future husbands entitled to Social Security benefits under 42 U.S.C. § 402(c) except for the fact that they are unable to prove at least one-half of their support was supplied by their wives, and who had been or will be denied benefits for that reason." In Abbott the court did not deny class certification until February 11, 1976, long after the complaint in this case was filed.
 Since the complaint in Abbott was also filed on behalf of a class that included plaintiffs and before certification in Coffin was denied, the court held that the time limitation did not begin to run even after certification was denied in Coffin. See In re Master Key Litigation, 70 F.R.D. 29, 32-33 (D.Conn.1976).
 
 
 [8]
 American Pipe and Construction Co. v. Utah, 414 U.S. 538, 560-561, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); See also Romasanta v. United Airlines, Inc., 537 F.2d 915, 918-919 & n. 6 (7th Cir. 1976)
 
 
 [9]
 Section 405(g) also seems to require that the Secretary's decision be "after a hearing." But this requirement is also satisfied where, as is the case here, the decision is based solely on a statutory provision claimed to be unconstitutional and the Secretary does not contend that further administrative proceedings could have resulted in any different decision. See Weinberger v. Salfi, supra, 422 U.S. at 767, 95 S.Ct. 2457; Califano v. Goldfarb, supra, 430 U.S. at 203 n. 3, 97 S.Ct. 1021
 
 
 [10]
 The courts of appeals, including this one, had likewise rejected it. See Califano v. Yamasaki, supra, 99 S.Ct. at 2556 & n. 14
 
 
 [11]
 The Secretary does not seem to contend otherwise
 
 
 [12]
 See Gerstein v. Pugh, 420 U.S. 103, 110-111 n. 11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Sosna v. Iowa, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); Jones v. Califano, 576 F.2d 12, 22 (2d Cir. 1978). See also DeBrown v. Trainor, 598 F.2d 1069, 1072 (7th Cir. 1979); Frost v. Weinberger, 515 F.2d 57, 62-65 (2d Cir. 1975) (Friendly, J.)
 
 
 [13]
 See generally Sosna v. Iowa, supra, 419 U.S. at 411-418, 95 S.Ct. 553 (White, J., dissenting)
 
 
 [14]
 See United States v. Testan, 424 U.S. 392, 403, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); Cf. Quern v. Jordan, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979) (Eleventh Amendment); Edelman v. Jordan, 415 U.S. 651, 677, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (same)
 
 
 [15]
 Indeed, the Secretary's decision to pay complete retroactive benefits to Wright and all other claimants who had been denied benefits on the basis of § 202(c)(1)(C) and were in court in March, 1977, See text preceding and note 4, Supra, suggests that he recognizes the propriety of granting "retroactive" relief in a case in which his decision is reversed. Califano v. Yamasaki, supra, establishes the propriety of using Rule 23, Fed.R.Civ.P., as a vehicle for disposing of more than one case in a single proceeding. The district court here simply reversed the Secretary's decision as to each member of the husband class. Moreover, as noted above, the Secretary has decided to pay complete retroactive relief to all claimants who had been denied husband's benefits solely because they were unable to meet the requirements of § 402(c)(1)(C) and who had filed suit under § 405(g) in March 1977. Apparently, since he took the position that § 405(g) did not authorize class actions, the Secretary did not regard the members of the class as properly in court and therefore did not pay them. In light of the holding in Califano v. Yamasaki, supra, that class actions are proper under § 405(g), all members of the class should now be regarded as having been properly in court
 
 
 [16]
 De Lao v. Califano, 560 F.2d 1384, 1389-1391 (9th Cir. 1977); Tatum v. Mathews, 541 F.2d 161, 166 & n. 5 (6th Cir. 1976); Johnson v. Mathews, 539 F.2d 1111, 1125 (8th Cir. 1976), are consistent with this opinion. For in each case the court assumed that claimants ultimately found eligible for benefits could recover complete retroactive benefits under the Act. Each of these cases involved claims for benefits which, if granted, would have been directly contrary to Congress' expressed intent under the particular welfare program involved
 
 
 [17]
 It may be conceded that under some circumstances the existence of a statute later found to have been unconstitutional may nevertheless "have consequences which cannot justly be ignored." Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 374, 60 S.Ct. 317, 318, 84 L.Ed. 329 (1940). But we need not express any general opinion on the propriety of the Secretary's decision to deny "retroactive" benefits under § 402(j)(1) to those applying after March, 1977, for this case only involves the scope of relief appropriate on direct review of the Secretary's eligibility decision
 In his brief the Secretary argued at great length that under the guidelines established in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the district court's decision was an inappropriate "retroactive" application of Goldfarb and Abbott. At oral argument, however, he conceded that if the class was properly certified under 42 U.S.C. § 405(g), then all the plaintiffs were properly in court at the time Goldfarb and Abbott were decided and therefore were entitled to the benefit of those decisions. See, e. g., Jimenez v. Weinberger, supra, 523 F.2d at 702. Thus, Califano v. Yamasaki, supra, also disposes of this argument.