Madgey JACKSON, Plaintiff,

v.

Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant.

Civ. No. S-79-213.

United States District Court, N. D. Indiana, South Bend Division.

April 16, 1980.

---

*Order Determining Plaintiff Class*

ALLEN SHARP, District Judge.

This matter is before the court on reconsideration of the plaintiff's motion for class certification which was filed on August 24, 1979. After denying this motion in an order dated November 19, 1979, the court reconsidered and modified this ruling in a memorandum and order dated December 11, 1979, and gave the plaintiff until March 1, 1980 to submit evidence regarding the numerosity requirement. Subsequently discovery was filed and answered by the defendant on February 25, 1980.

Answers to interrogatories numbered 10–11 and 16–17 demonstrate that there have been in excess of 1,700 Indiana SSI recipients with income in the form of "support and maintenance in kind" during the years 1978 and 1979. Since the challenged regulation, 20 C.F.R. § 416.1125, controls the budget determinations in all of these cases, the numerosity requirement of Rule 23(a) is met.

The Secretary claims that all members of the proposed class have not met the "final decision" requirement of 42 U.S.C. § 405(g). While it is true that there is no indication in the record of which members of the proposed class have fully exhausted all administrative steps available, it is clear that it is unnecessary for class members to fully exhaust all administrative steps. *See, Weinberger v. Salfi*, 422 U.S. 749, 764–67, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975); *Califano v. Goldfarb*, 430 U.S. 199, 203, 97 S.Ct. 1021, 1025, 51 L.Ed.2d 270 n.3 (1977); *Wright v. Califano*, 603 F.2d 666, 669–70 (7th Cir. 1979). Rather, if the members of the class have submitted "claims," have had the challenged regulation applied to their "claims" and there is no indication that the Secretary's application of the challenged regulation in their cases would be different from its application in the case of the named plaintiff, then they have received a "final decision" of the Secretary for purposes of 42 U.S.C. § 405(g).

Here the named plaintiff has fully exhausted all steps of the administrative process. The Secretary has not claimed that the challenged regulation would be interpreted or applied differently in the cases of the class members if they were to pursue their claims through the administrative process. While each class member might present some different facts, "[i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." *Califano v. Yamasaki*, 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979).

For these reasons it is clear that there is a plaintiff class which satisfies both the numerosity requirement of Rule 23(a) and the "final decision" requirement of section 405(g).

## ORDER

Therefore, it is hereby ordered that the named plaintiff may proceed on behalf of a class, pursuant to Rule 23(a) and (b)(2), consisting of all recipients of and applicants for supplemental security income (SSI) in the State of Indiana who have had, or will have, SSI benefits reduced, terminated or denied because of the application of 20 C.F.R. § 416.1125 insofar as it requires that the difference between the fair market value and the actual price paid by an SSI recipient or applicant for a necessity of life be considered as countable, in-kind income.