**Madgey JACKSON, individually and on behalf of all other persons similarly situated, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. S79–213.**

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 6, 1984.

Kayle M. Payne, Legal Services Program of Northern Indiana, Inc., South Bend, Ind., for plaintiff.

R. Lawrence Steele, U.S. Atty., Hammond, Ind., Larry K. Banks, Dept. of Health and Human Services, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This court entered summary judgment in favor of the defendant on January 15, 1981. The plaintiff appealed that ruling to the Court of Appeals for the Seventh Circuit and the judgment in favor of the defendant was vacated. *Jackson v. Schweiker*, 683 F.2d 1076 (7th Cir.1982). The case was remanded for this court to decide two issues, namely:

(1) [W]hether Jackson's individual case is now moot because of action taken by the Secretary on the remand of her suit; if it is moot, the district court may then consider whether the named plaintiff continues to satisfy the requirements for status as a class representative under Fed.R.Civ.P. 23.

\*   \*   \*   \*   \*   \*

(2) [Whether] the Secretary [must] amend the challenged regulation or change his application of, and procedure under, the regulation to provide relief to affected class members consistent with [the Court of Appeals'] opinion.

*Id.* at 1086. This matter is now before the court on plaintiff's motion for summary judgment filed June 15, 1983. Briefs were filed by the parties and a hearing was held

on November 4, 1983. This case is now ripe for ruling.

## I.

By order dated April 10, 1980, this court certified a class consisting of

all recipients of and applicants for [SSI] in the State of Indiana who have had, or will have, SSI benefits reduced, terminated or denied because of the application of 20 C.F.R. § 416.1125 [1980] insofar as it requires that the difference between the fair market value and the actual price paid by a SSI recipient or applicant for a necessity of life be considered as countable, in-kind income.

*Jackson v. Harris,* 86 F.R.D. 452, 454 (N.D.Ind.1980).[1] In her response to the plaintiff's motion for summary judgment, the defendant argues that plaintiff is no longer an appropriate class representative, that the class should be redefined to reflect the limited relief ordered by the court of appeals and that the class should be decertified based on the reasoning of Justice Rehnquist in granting a stay pending appeal in the case of *Heckler v. Lopez,* —— U.S. ——, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983). Each of these arguments is without merit.

■ Even though the named plaintiff has received her benefits through the proceedings before the Secretary on remand from this court, the defendant has not demonstrated that Mrs. Jackson and her counsel can no longer properly represent the class. Mrs. Jackson has indicated her continuing interest in the case and her willingness to represent the class in an affidavit attached to her motion for summary judgment. She and her counsel have pursued relief on behalf of the class in this court. Because of Mrs. Jackson's continuing interest, her adequate representation in this court and the fact that this case is nearly completed, there is simply no reason to require substitution of another named plaintiff.

■ The Secretary's request to modify the class definition is similarly without merit. Her argument is that all members of the class, as currently defined, are not necessarily entitled to relief under the opinion issued by the court of appeals. Therefore, according to the Secretary, the class should be redefined to include only those who will benefit from the opinion. Even if the Secretary is correct in asserting that not all class members will benefit, this is not a reason for modifying the class definition. All members of the class are entitled to have their claims reconsidered under the amended regulation required by the opinion of the court of appeals and this order. The fact that some class members may not actually receive an increase in benefits is irrelevant; they are still entitled to have their status re-examined under the appropriate standard.

Finally, the Secretary's argument based on *Heckler v. Lopez, supra,* is precluded by the "law of the case" doctrine. *See James Burrough Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 577 (7th Cir.1978). In its order certifying a class this court expressly considered the issues addressed by Justice Rehnquist in *Lopez.* 86 F.R.D. at 454. The order certifying the class was not appealed by the Secretary and, therefore, it is final and not subject to reconsideration at this time. Furthermore, if the court were to reconsider the order certifying the class, the court would reject the Secretary's argument because class certification in this case is not inconsistent with Justice Rehnquist's discussion of the issues in *Lopez, supra.*

## II.

■ The only other issue before the court relates to the relief to be granted at this time. As an initial matter, the court will consider the parties' dispute over whether the Secretary must amend the relevant regulation or simply modify internal operating procedures and manuals. The

1. The Secretary's income regulations were rewritten and recodified on October 30, 1980, with no substantive changes (45 Fed.Reg. 65541, *et*

*seq.*). The substance of 20 C.F.R. § 416.1125 [1980] is now found at 20 C.F.R. §§ 416.1140 and 416.1141 [1983].

plaintiff argues that the relief mandated by the court of appeals will be effectively implemented only if SSI claimants and their representatives or advocates have access to the modifications through the regulations found in the Federal Register and the Code of Federal Regulations. Otherwise, a person using the normal research tools will find nothing but the regulation which was found inadequate by the court of appeals and will have no indication that it has been modified. While instructions and guidelines in internal operating manuals and policy statements may be an effective means of informing social security administration personnel, it is not an effective means of informing claimants and their representatives. There is simply no basis for assuming internal operation manuals are generally available. Furthermore, the Secretary has not advanced any compelling reason why the regulation should not be amended. Therefore, this court will require an amendment to the challenged regulation.

As to the content of the amended regulation, the court of appeals suggested that the Secretary be given an opportunity to submit a proposed amendment for consideration by the court. 683 F.2d at 1087. The court notes that more than a year has passed since the court of appeals issued its opinion and the Secretary has not come forward with any suggested modifications. Also, the memorandum filed on July 27, 1983 by the Secretary in response to the plaintiff's motion for summary judgment indicates that her interpretation of the opinion of the court of appeals is unduly restrictive. At page 7 of her memorandum she suggests that only those who end up paying more than 100% of their income for shelter would be entitled to relief under the opinion of the court of appeals. This is not a permissible interpretation of the decision. This court will allow the Secretary to submit a proposed regulation incorporating the relief mandated by the Seventh Circuit.

### III.

In light of the above determinations, it is hereby ORDERED:

1. Based on the demonstrated willingness of the plaintiff and her counsel to vigorously pursue the interests of the class members in the case, Mrs. Jackson is hereby found to be a proper class representative for purposes of pursuing implementation of the opinion of the court of appeals. The defendant's request to modify or decertify the class which was certified in the court's order of April 10, 1980 is hereby DENIED.

2. The defendant, her agents, employees and successors in office, are hereby ordered to amend the relevant federal regulations to reflect the decision of the Seventh Circuit holding that "[r]esources, whether they consist of the income of another spouse or the imputed difference between rent actually paid and market rental, are not actually available if they fail to enhance purchasing power—the capability for providing for basic needs." 683 F.2d at 1086.

3. The Secretary is hereby ordered to submit, within 60 days from the date of this order, proposed amendments to the existing regulations, 20 CFR §§ 416.1140 and 416.1141 which are consistent with the opinion of the Seventh Circuit. Upon submission of the proposed regulations by the Secretary, the plaintiff shall have 30 days to respond with any objections or proposed modifications.

4. After approval of the amended regulations by the court, the Secretary shall take the necessary steps to formally amend the relevant regulations in accordance with the modifications approved by the court.

5. Within 30 days of this court's approval of an amended regulation, the plaintiff shall submit a proposed "notice to members of the class" informing them of the modification in the regulation and how it might affect SSI claimants and further informing them how they can seek reconsideration by the Secretary if they think the modification of the regulation will affect their eligibility for or level of SSI benefits. Upon approval of this notice by the court, the Secretary shall, within 60 days, send this notice to all class members at their last

known address and advise both the court and the plaintiff 1) of the completion of the mailing, 2) the number of notices mailed and, subsequently, 3) the number of requests for reconsideration received within the time limit set out in the notice.